TRUETT v. RAINS.

1. This court cannot review an order of the Circuit Court opening a default on affidavits and motion noticed within two months after judgment rendered.

2. If the motion was made under section 197 of the code of procedure, it was a matter within the discretion of the Circuit Court, and therefore not appealable; if made under the act of 1869 (*Gen. Stat.* ch. cv. § 2)

it depended upon issues of fact and upon proof which was to be satisfactory to the presiding judge, and therefore this court cannot review his conclusions.

Before WALLACE, J., Darlington, September, 1881.

This was a motion by J. G. Rains to open a judgment by default obtained against him by John C. Truett. The brief gives no explanation of the delay in the hearing of the motion. The opinion states the case.

Mr. *Elihu C. Baker*, for appellant.

Mr. *J. J. Ward*, contra.

July 15, 1882. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.—In this case an action was brought on a note, and no answer having been put in, judgment was rendered in open court on October 27th, 1874, for one hundred and sixty-eight dollars and forty-five cents. In December following, a notice was served by the defendant upon the plaintiff's counsel, to the effect that on the first Wednesday after the first Monday of February term next ensuing, the defendant would move the court to vacate the judgment entered in the above case, upon affidavits annexed.

The motion was docketed and came to a hearing at the September term of the Court of Common Pleas for Darlington County, Sept. 24th, 1881, before Judge Wallace, presiding. Upon the affidavits submitted showing the defence claimed by the defendant and why it had not been interposed at the proper time, and those of plaintiff contra, Judge Wallace ordered the judgment to be set aside, and that the defendant Rains have twenty days from the date of the order to file and serve his answer on the plaintiff's attorney. From this order this appeal has been taken.

The argument of the appellant is based upon an alleged insufficiency in the evidence submitted by the defendant to sustain the facts upon which the motion below was founded. We do not think we can go into this question. It does not dis-

tinctly appear whether the motion below was made under sec. 197 of the code or under the Act of 1869. Section 197 invests the court with power in its discretion, and upon such terms as may be just, at any time within one year after notice thereof to relieve a party from a judgment order or other proceeding taken against him, through his mistake, inadvertence, etc. The Act of 1869, now repealed, gave power to the presiding judge of the circuit to vacate and set aside judgments . . . upon satisfactory proof being made to said judge that said judgment is erroneous and ought to be set aside . . . provided the motion be made within two years after the judgment is rendered. If the motion below was made by virtue of section 197 of the code *supra*, it will be observed from the express language of the section that it was a motion addressed to the discretion of the judge.

As a general rule, where a court or judge is invested with power to be exercised at discretion, such power is absolute, and when exercised it is final. From the very meaning of the term and the nature of the power, discretion is unlimited. It is bounded by no rule except the good sense and integrity of the party empowered to exercise it, and, in the absence of an express right to appeal, it necessarily follows that its exercise is unappealable. *Gibbes* v. *Elliott*, 8 *S. C.* 50.

If this motion was made under the Act of 1869 the same result must follow. This act provides that the presiding judge of the circuit may, upon satisfactory proof made to him, vacate erroneous judgments. . . . Now, when under this act a circuit judge has ordered a judgment to be vacated, we must assume in the language of the act that this has been done upon satisfactory proof, and therefore is final. It might be upon an examination of the evidence submitted in a case, this court might conclude that the testimony ought not to have been satisfactory. We might differ from the circuit judge as to the deduction to be drawn therefrom. The vacation, however, of the judgment does not depend upon the conclusions of this court, but upon the effect of the evidence submitted on the mind of the circuit judge. The Legislature has seen proper to invest the circuit judges with this power, and it would be

an unwarranted assumption of authority in this court if it should undertake to review its exercise.

Besides, the act certainly contemplated that such applications should be made upon some error involving questions of fact, as will be seen from the language employed, to wit, "upon satisfactory proof." These terms are applicable to facts, and not to questions of law. The powers of this court do not extend to facts except in appellate cases. Our opinion is that where the proof is satisfactory to the circuit judge, the conditions required by the act have been complied with, and there the matter must end. *Garvin* v. *Garvin*, 14 *S. C.* 630; *Hill* v. *Watson*, 10 *S. C.* 269.

In some cases a question of law might arise, as where the fact alleged as ground of error in the judgment, even if true, would not in law render the judgment erroneous. In such case an error in the ruling of the circuit judge might possibly be reviewed. But this question is not raised here, and therefore need not be considered.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.