CLAUSSEN v. JOHNSON.

1. A point not shown by the record to have been raised in the Circuit Court cannot be considered on appeal.

2. A cause is properly on the calendar where defendant's attorney, after the first term, directed the clerk of court to docket it (which was done), and notified plaintiff's attorney, more than a month before court convened, that the cause had been docketed.

3. On the day before the court convened, plaintiff's attorney wrote to defendant's attorney, saying he could not attend, as his duties required his presence in the Circuit Court of his own county. Defendant's attor-

ney proceeded to trial, and obtained judgment against plaintiff on a counter-claim. *Held*, that plaintiff was not entitled to relief against this judgment, under section 195 of the Code.

Before WITHERSPOON, J., Barnwell, July, 1889.

This was an appeal by J. H. Claussen and H. H. Claussen, partners in trade under the firm name of J. C. H. Claussen & Co., plaintiffs, from an order refusing to vacate a judgment obtained against them on a counter-claim by T. H. Johnson and J. H. C. All, partners in trade under the firm name of T. H. Johnson & Co., defendants. To the facts stated in the opinion, it may be added that no directions to the clerk to docket were endorsed on either summons or complaint, or on the copies; and that the letter of J. L. Tobin to Simons & Cappelmann, dated February 25, 1889, was headed with the name of the case, and read as follows: "The above case is docketed by the defendant, and will be tried at the next term at Barnwell, commencing Wednesday, after 3 M. in March." The Wednesday after the third Monday of March in 1889 was the 20th day of the month.

*Mr. J. A. Simons,* for appellants.

*Mr. J. L. Tobin,* contra.

February 15, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiffs, appellants, brought action in Barnwell County against the defendants. The defendants set up a counter claim.

The plaintiffs' attorney, J. Ancrum Simons, Esq., resided in Charleston. It seems that the case was not placed on the calendar for several terms. It was finally placed there, however, by defendants' attorney, who gave notice to plaintiffs' attorney that he would move for trial at the ensuing term. To this, plaintiffs' attorney notified defendants' attorney that he would not be able to attend the Barnwell court on account of business in the court at Charleston, and if agreeable, they would try the case at the next June term. There seems to have been no reply to this notice. The case was heard at the term before the June term, in

the absence of plaintiff's attorney, resulting in a failure of the plaintiff to sustain his claim, and a judgment for defendant for his counter-claim.

The plaintiffs' attorney received notice of this result about a month afterwards; whereupon the proceeding below was commenced to vacate said judgment, which was based upon the affidavit, of which the following is a copy:

"J. Ancrum Simons, being duly sworn, says that he is the attorney for the plaintiffs in the above entitled action; that on February 25th, 1889, J. L. Tobin, defendants' attorney, notified deponent by letter, hereto annexed, that he would try said case at next term of court at Barnwell, commencing Wednesday after third Monday in March. That the court at Barnwell was opened on March 26th, 1889, and closed on the 30th day of said month, as appears by the letter of W. Gilmore Simms, clerk of said court, hereto annexed. That on March 27th, 1889, deponent wrote to said J. L. Tobin (copy letter annexed), stating that he was in attendance upon court in Charleston, and could not attend court at Barnwell, and offering to continue the case until the fall term, or to try it at the spring term before the judge. To this letter deponent received no reply, and of course supposed that his offer was satisfactory, and had been accepted. To the great surprise of deponent, on May 2nd, 1889, he received the annexed letter from J. L. Tobin, stating that the case had been tried in deponent's absence, without any other notice than that of February 25th, and judgment obtained against the plaintiffs for one hundred dollars. Deponent immediately wrote to the clerk of the court at Barnwell, and from him ascertained that the case had been tried on March 28, after the receipt by J. L. Tobin of deponent's letter of the 27th March, as acknowledged by him in his letter of May 1, and judgment entered on April 4. And yet no notice is given to the deponent until nearly one month afterwards, when it was too late either to make a motion for a new trial or to appeal. This deponent further swears, that at the time of the trial of this case, he was busily engaged in active attendance upon the court in Charleston, but that, notwithstanding, he would have made it his business to attend the court at Barnwell, had he been notified by telegram or otherwise that the case would be tried.

Deponent therefore craves the mercy of this court, that his clients be relieved from said judgment, that the same be opened, and that the case be tried anew, with an opportunity for his clients to be heard in their own behalf."

This motion was heard by Judge Witherspoon upon the above affidavit and an affidavit of J. L. Tobin, Esq., defendants' attorney, found below : "That this action was commenced by the service of process on the defendant on the ———— day of October, 1888. That at the succeeding term of the court, deponent appeared with the defendants' witnesses for trial, and found that the case had not been docketed by the plaintiff. That deponent some time thereafter met the plaintiffs' attorney, Mr. Simons, and was informed by him that the case would be tried at the next term of the court. That deponent again attended court with his witnesses, and found the case not docketed. That deponent then docketed the case for defendants, and gave Mr. Simons notice that the case had been docketed and would be tried. That deponent heard nothing whatever from Mr. Simons or the plaintiffs until he received the letter referred to by the plaintiff, which came to him at Barnwell, and reached deponent's hands after the case had been called for trial, and while the defendants' witnesses were in the court room ready for the trial. That upon the second call of the case, deponent stated to the court that he had just received a letter from Messrs. Simons & Cappelmann, asking for a continuance of the case, and was disposed to delay the trial as long as possible, until he could notify Messrs. Simons and Cappelmann that he did not consent to the proposed continuance; but his honor decided that defendants were entitled to a trial, and he would not pass the case without marking it continued. Thereupon the case was called—Mr. J. E. Davis appeared for plaintiffs, claiming to be their attorney at Barnwell—a trial by jury was had, and a verdict for the defendants, upon which judgment was entered and execution issued accordingly. Deponent further says, that the Court of Common Pleas is held at Barnwell on 18th March, and the letter referred to reached his hands on the 28th, and the jury was discharged on same day, and it was impossible to give Messrs. Simons & Cappelmann further notice, because the jury was dis-

charged in a few hours after the letter was received on the same day."

Upon the hearing of this motion, Judge Witherspoon pronounced the following order, to wit: "A motion to set aside the judgment in this case having been made before me by the plaintiffs, under section 195 of the Code, Mr. J. Ancrum Simons appearing for the motion and Mr. Tobin *contra*, on reading and filing the motion papers herein, and after hearing argument of counsel, it not appearing that the plaintiffs are entitled to relief on the ground of mistake, inadvertence, or excusable neglect, it is ordered, that the motion be refused. Let the accompanying affidavit be filed with this order. It is further ordered, that a copy of this order be forthwith forwarded to J. Ancrum Simons, Esq., by defendants' attorney."

Plaintiff excepted to this order as follows: 1. Because his honor erred in holding that the motion was made solely under section 195 of the Code. On the contrary, the motion was also based upon the fact that the case was not properly docketed for trial. 2. Because his honor erred in refusing the motion, and should have granted the same, because the cause was improperly docketed, there having been no direction to the clerk to docket the same. 3. Because his honor erred in refusing the motion, because the plaintiffs were never notified that the cause was on the calendar, as the clerk had no authority of his own accord, and without legal direction, to place a cause on the docket, and such docketing is no notice. 4. Because his honor erred in refusing the motion, even if the same was heard solely on section 195 of the Code, in view of the facts of the case.

It will be observed that the first three exceptions above relate to a matter, to wit, the docketing of the cause, which was not raised before, nor passed upon by the Circuit Judge. The motion was heard below upon a notice stating that, on the affidavit of Mr. Simons, a copy of which was attached, plaintiff would move to set aside and foreclose the judgment. It will be seen on reading the affidavit, that there is nothing therein as to the case having been improperly docketed—not a word on that subject; on the contrary, appellant seems to have relied entirely upon the fact that he was otherwise engaged, and was misled by not having

received a reply to his proposition to postpone the trial until the June term of the court. We do not know what may have occurred at the time of this motion, or what grounds may have been urged orally by the moving party. But we must be governed by the record. And there is nothing in the record which shows that the Circuit Judge was called upon to consider the question as to the docketing of the cause. There is certainly nothing in the order of the judge upon that subject, and there is no ruling of his, therefore, in the record in reference thereto, which we could review.

These exceptions, therefore, are not applicable to the case; but even if they were, we may say that they could not avail under the facts here. The cause, after remaining several terms undocketed, was placed on the docket by the defendants' attorney, or under his instructions, of which plaintiffs' attorney was notified, and also that it would be tried. This, it seems to us, was a substantial compliance with the act allowing defendants to docket causes.

As to the last exception, we concur with his honor, the Circuit Judge, in holding that the showing was not sufficient, under section 195 of the Code, to vacate the judgment for mistake, inadvertence, or excusable neglect.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.