## McMAHON v. PUGH.

1. APPEAL—FINDING OF FACT—DISCRETION—JUDGMENT.—This Court has no jurisdiction to review the findings of fact by a Circuit Judge on a motion by defendant to open a judgment, taken against him by his excusable neglect, and to permit him to answer, unless there be an abuse of discretion.

2. IBID.—JUDGMENT—DEFAULT—MOTION TO OPEN.—If a default judgment goes beyond the relief demanded in the complaint, it is not therefore void, and defendant's remedy is appeal and not motion to open and defend.

3. IBID.—JURISDICTION—JUDGMENT.—Circuit Court has jurisdiction to render any judgment in a default case to which the facts alleged entitle plaintiff, consistent with the relief demanded in the complaint, and if there be error in granting such judgment, remedy is appeal, and not motion to open and defend.

Before GARY, J., Richland, July, 1901.    Affirmed.

Motion by defendants in action by C. C. McMahon against William Pugh, D. Cooper, J. C. Cannon and J. H. Cooper, surviving partners. From order refusing motion to open default judgment and permit defendants to defend, they appeal on the following exceptions:

"1. Because his Honor erred in holding that the defendants had been represented by Mr. P. H. Nelson, a practicing attorney at the Columbia bar, for about two weeks previous to the expiration of the time to answer as extended therein; whereas, as a matter of fact, the record shows that Mr. Nelson merely conferred with one of the defendants in regard to a fee to be charged in the event of his being retained as their attorney in said cause.

"2. Because his Honor erred in holding, 'I do not think the neglect to answer was such as would warrant me in opening said judgment,' and in not holding that the judgment should be opened and defendants allowed to answer.

"3. Because, as a matter of law, in accordance with sec. 297 of the Code of Civil Procedure, a judgment by default should have been limited to the relief demanded in the com-

plaint—that is, an accounting, the appointment of a receiver, the winding up of the partnership, and a division of the partnership property after paying all debts and costs; and inasmuch as the relief granted was more than, and entirely different from, that demand, his Honor erred in not holding, as a matter of law, that the judgment should be opened and the defendants allowed to answer.

"4. Because his Honor erred in not holding that the order for judgment by default was obtained through the mistake, inadvertence, surprise and excusable neglect of the defendants, as shown by the facts submitted, and in that the defendants were entitled to rely implicitly upon the terms of sec. 297 of the Code of Civil Procedure.

"5. Because, as a matter of law, under the terms of sec. 297 of the Code of Civil Procedure, the Circuit Court was without jurisdiction to render a judgment by default for $616.66 and costs, upon the pleadings in said cause, against the defendants, inasmuch as more relief was granted than was demanded in the complaint."

*Mr. Hunter A. Gibbes,* for appellant, cites : *Mistake of law may afford ground for relief as well as a mistake of fact:* 96 Cal., 630. *The relief granted should be limited to that demanded in the complaint:* Code, 297; 33 S. C., 202; 1 Fla., 424; 19 S. C., 554. *Statute providing for opening a judgment should be liberally construed:* 6 Ency. P. & P., 154; 67 Cal., 500.

*Messrs. Duncan & Tompkins,* contra. Mr. Tompkins, oral argument.

February 25, 1902. The opinion of the Court was delivered by

Mr. CHIEF JUSTICE McIVER. This is an appeal from an order of his Honor, Judge Ernest Gary, of which the following is a copy: "This cause came on to be heard by me on July 6, 1901, on motion of the defendants, for an order

setting aside order for judgment in said cause, opening same and allowing the defendants to answer the complaint. The motion therein was supported by affidavits, and a petition of the defendants (copies of which are set out in the 'Case') to the effect that they had been prevented from answering through mistake, inadvertence, surprise and excusable neglect, under sec. 195 of the Code of Civil Procedure, in that they had been advised by Mr. William Platt, of this county, that judgment could not be taken against the partners individually on the complaint served. Affidavits were submitted by the plaintiff in opposition, showing that the defendants had conferred with regular practicing attorneys at the Columbia bar in reference to the case, and that they had been represented by Mr. P. H. Nelson, practicing at the Columbia bar, for about a week previous to the expiration of the time to answer as extended therein. Upon reading the affidavits submitted on both sides, and after hearing Hunter A. Gibbes in support of the motion and Frank G. Tompkins, one of the attorneys for the plaintiff, in opposition, I do not think that the neglect to answer was such as would warrant me in opening the judgment. It is, therefore, ordered, that the motion be dismissed with costs."

The exceptions for the purpose of this appeal are set out in the record, and will be included in the report of this case by the Reporter. The first, second and part of the fourth exceptions impute errors to the Circuit Judge in his findings of fact, of which this Court cannot take jurisdiction, unless there was abuse of discretion, of which there was nothing of the kind. On the contrary, we agree with the Circuit Judge in such findings. True, only one of the defendants spoke to Mr. Nelson; but in doing so he claimed to represent the other defendants, which claim has not ben denied by any of the defendants, and there can be no doubt from Mr. Nelson's affidavit that he did represent the defendants for a time at least, and rendered them good service by obtaining for them further time to answer, signing the agreement to that effect as "Atty for defts."

What advice Mr. Nelson gave to defendants he very properly did not disclose; but when the defendants found that they were unable to comply with the requirement as to the fee, they said, through their agent, that they would let the matter go by default. It also appears from another affidavit that the defendants had consulted another attorney, who, however, was very properly unwilling to disclose what had passed between them.

The third and part of the fourth exceptions raise the point that there was error in the judgment sought to be opened because the relief granted went beyond the prayer of the complaint. It is true, that sec. 297 of the Code does provide that: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint." And while we are not prepared to admit that the relief granted by the judgment in question did exceed that demanded in the complaint; yet, even if that be so, it would constitute a mere error of law remediable by an appeal, but would not render the judgment null and void. *Ross* v. *Carroll,* 33 S. C., 202. But as we have said, we do not admit that the judgment sought to be impeached by this motion went beyond the relief prayed for in the complaint. The action was not brought solely for the purpose of obtaining the dissolution of the partnership and the appointment of a receiver, but the plaintiff also claimed as a creditor of such partnership, setting forth the facts constituting a cause of action for his claims as such creditor, and alleges that the defendants have taken exclusive possession of the assets of the partnership; have conducted the same for their own personal use and benefit, and have applied the receipts and profits of said business to their own use, and the relief demanded is thus stated: "That defendants be required to make an accounting, that a receiver be appointed to take in charge the property and affairs of said copartnership business, and that the books and papers be placed in his charge and subject to the inspection of all parties of interest; that the said partnership be ad-

judged dissolved, and that said receiver be authorized to dispose of the property of said business, and to collect all debts for the benefit of all parties entitled thereto, and that the proceeds thereof be divided, after payment of all just debts of said partnership and the costs of this action, between the parties thereto according to their respective rights." The defendants having made default, his Honor, Judge Gage, granted an order in the following terms: "That the matter be referred to the master for Richland County to take the testimony for the plaintiff, ascertaining the amount due to the plaintiff by the defendants, and report the same, with leave to report any special matter." In pursuance of this order, the testimony of the plaintiff was taken confirming the allegations of his complaint; and further showing that, since the commencement of the action, the partnership property has been seized and sold under a mortgage, the proceeds of sale being insufficient to pay the mortgage debt and a judgment mentioned in the testimony, leaving no partnership property to pay the other partnership debts. The master made his report, finding "that the defendants were indebted to the plaintiff in the sum of $616.66," and Judge Gage granted the following order: "On reading the report of the master herein, it is hereby ordered, that the same be confirmed, that the plaintiff do recover judgment against the defendants for $616.66 and interest from this date, with costs, and that said partnership be dissolved." In Pomeroy Remedies, sec. 580, it is said: "If every fact necessary to the action is stated, the plaintiff may, even when no answer is put in, have any relief to which the facts entitle him, consistent with that demanded in the complaint;" and this language is quoted with approval in *Ross* v. *Carroll, supra.* Now, it would seem that the relief granted is not inconsistent with that demanded in the complaint.

The only remaining question is that presented by the 5th exception, in which it is claimed that Judge Gage had no jurisdiction to render the judgment in question, because it exceeded the relief demanded. It is not claimed that the

Court had not acquired jurisdiction of the persons of the defendants in the action in which the judgment in question was rendered, and there can be no doubt that the Court had jurisdiction of the subject matter, even if it be regarded solely as an action for the dissolution of the partnership. It is clear, therefore, that the Court had jurisdiction of the case and of the parties, and hence had jurisdiction to render a judgment therein; and if such judgment was erroneous, the remedy was by appeal, which was not resorted to in this case. *LeConte* v. *Irwin,* 19 S. C., 554; *Ross* v. *Carroll, supra.* The 5th exception is likewise overruled.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.