### 6563

### McSWEEN v. WINDHAM.

PLEADING OUT OF TIME.—Refusal of Circuit Court to permit service of answer out of time reversed, on the ground that the refusal was controlled by an erroneous construction of the written agreement extending time to answer.

Before GAGE, J., Darlington, March, 1906.    Reversed.

Motion in case of John McSween against Annie Windham and others for leave to file answer out of time.    From order refusing the motion, defendants appeal.

*Messrs. Geo. W. Brown* and *Miller & Lawson,* for appellants.    *Mr. Brown* cites: *On main question:* 17 S. C., 445; 50 S. C., 405; 11 S. C., 135; 73 S. C., 210; 74 S. C., 298, 479.

*Messrs. Miller & Lawson* cite: *Appeal lies from abuse of discretion:* 50 S. C., 403; 42 S. C., 205; 48 S. C., 565; 56 S. C., 12; Code of Proc., 195; 64 S. C., 338.    *Substituted attorney succeeds to rights of predecessor:* 3 Ency., 341, 342, 411; 3 W. & S., 64.

*Mr. Robert Macfarlan,* contra, cites: *Order not appealable:* 73 S. C., 208; 53 S. C., 222; 51 S. C., 409.    *Written agreement superseded statute:* 25 Am. R., 96; 50 Am. Dec., 593; 53 S. C., 222; 59 S. C., 480; 67 S. C., 497, 177. *Withdrawal of counsel was no surprise:* 51 S. C., 405. *Court will not open a default to permit plea of statute:* 7 Wait's Act. & Def., 308.

June 17, 1907.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    This is an appeal from an order of his Honor, Judge Gage, refusing defendants' motion made upon notice and affidavits *pro* and *con,* for leave to answer

the complaint in this action under the following circumstances: The original summons and complaint were served about the first of November, 1905. Attorney Geo. W. Brown, representing some of the defendants, asked plaintiff's attorney, Robert McFarland, for extension of time to answer, which was granted. Before the twenty days elapsed from the service of summons and complaint, plaintiff's attorney informed defendants' attorney, Brown, that he need not answer the complaint, that he wished to serve an amended complaint, which was duly served December 16, 1905. Again extension of time to answer was granted, on the condition only that either the answer be served or nature of defenses stated before the time for meeting of the General Assembly, in January, 1906. Thereafter, attorney Brown asked that the time be extended until the adjournment of the General Assembly, to which the attorney for plaintiff did not agree, but who later, at the request of J. Monroe Spears, Esq., who at that time represented some of the defendants, signed the following statement in writing, which was indorsed on the copy of the complaint in possession of Brown:

"I hereby agree to extend time to answer in within case, provided it does not carry me over this term of Court, and that I be advised of each and every defense to be interposed not later than February 15th, 1906.

"Robert McFarlan, Plaintiff's Attorney."

Attorney Spears having some difference with his clients in regard to his fee, soon after securing this statement, withdrew from the case. On February 13th, 1906, L. M. Lawson, Esq., at that time in attendance upon the meeting of the General Assembly, mailed the following communication to plaintiff's attorney: "I have been retained, or I suppose I have been retained, to represent the parties that Spears once represented in the McSween v. Windham et al. foreclosure case. Spears says we have until February 15, to answer. Mr. Brown says we have until we get back from the House.

Let me know by return mail if you are going to insist on an answer by February 15th." To this letter, plaintiff's attorney replied as follows, on the 15th of February: "I am sorry that you came into the case at so late a date, for I cannot agree nor at this time permit those already defaulting to come in. . My agreement with Mr. Spears is in writing, and by that we must stand as between Brown and me. I certainly am sorry you are left out, but I can see it no other way."

The motion for leave to answer was noticed March 1, 1906, and heard on March 10th. The Court of Common Pleas convened on the 26th of March, 1906. The Circuit Court construed the agreement signed by plaintiff's attorney to mean that the answer must be served by the 15th of February, 1906, and, therefore, overruled the motion.

In our view the principal question presented by the appeal from this order is whether or not the Circuit Court properly construed the agreement of plaintiff's attorney in holding that the answer must be served by February 15, 1906. We do not think it was absolutely necessary for defendants to *answer* by that time; it was necessary, however, that plaintiff be advised by February 15th of each and every defense intended to be set up, which would be a sufficient compliance with the agreement. Plaintiff desired to know this, in order that he might be prepared to meet the defenses. Otherwise the mere postponement of the time to answer could and doubtless would have been more clearly expressed.

J. Monroe Spears states in his affidavit on behalf of defendants that when he secured the written agreement from plaintiff's attorney, McFarlan, he then told Mr. McFarlan "that as to the defendants he represented, he would plead payment, statute of limitations, and the nullity of the mortgage upon the ground that the mortgagor had a life estate only," and Mr. McFarlan, in his affidavit on behalf of plaintiff, says: "Mr. Spears did, but not until he was practically out of the case, tell deponent orally that he had intended to plead payment, statute of limitations and all sorts

of things, and then upon deponent's inquiry because of proposed settlement * * * but Mr. Spears is mistaken in thinking and saying that he had stated another ground than as deponent has stated above, or at any other time." There is little conflict in these statements as to the nature of the defenses that would be interposed, and inasmuch as it appears that the agreement was secured for the benefit of Mr. Brown, as well as for that of Mr. Spears, we must assume that all of the defendants expected to interpose the same defenses. The agreement was, therefore, substantially complied with by the information given plaintiff's attorney by Spears about the time the latter withdrew from the case, and the substitution of Lawson in his stead would not have the effect of changing the attitude of either party. The effect of the substitution is to vest in the substituted attorney all the rights and powers of the original attorney, and to impose upon him all the duties of his predecessor. 3 A. & E. Ency. of Law, 411.

Ordinarily, motions for leave to answer under section 195 of the Code of Procedure are addressed to the Court's discretion, and the determination of the Court will not be interfered with unless there is an abuse of discretion or unless the exercise of discretion was controlled by some error of law. In this case, the Court's refusal to grant the relief sought was controlled by an erroneous construction of the written agreement extending the time in which to answer.

The judgment of the Circuit Court is reversed, and the case remanded with instruction that defendants have leave to answer within twenty days from filing of the remittitur herein.