### 9783

#### BISHOP v. JACOBS.

#### (93 S. E. 243.)

PLEADING—ANSWER—TIME TO FILE—DISCRETION OF COURT.—Under Code Civ. Proc. 1912, sec. 225, declaring that the Court may in its discretion allow an answer to be filed after the time limited, no hard and fast rule for the exercise of the Court's discretion can be laid down, and because some other Judge might have decided in a different way does not establish an abuse of discretion.

Before SMITH, J., Columbia, August, 1916. Affirmed.

Action by Thomas W. Bishop against Hampton Jacobs. From an order allowing defendant to answer after he was in default, plaintiff appeals.

*Mr. Henry F. Jennings,* for appellant, cites: *As to abuse of discretion:* 77 S. C. 223; 53 S. C. 230; 104 S. C. 419.

*Allowance of answer:* 36 S. C. 556, 576; 53 S. C. 230; 75 S. C. 7; 77 S. C. 223; 101 S. C. 370; 104 S. C. 419. *Custom of counsel:* 50 S. C. 403. *Inexcusable delay:* 81 Me. 403; 10 Am. St. Rep. 265; 102 S. C. 354. *Sufficiency of answer:* 94 S. C. 52; 96 S. C. 469.

*Mr. W. Hampton Cobb,* for respondent, cites: *As to abuse of discretion:* 104 S. C. 420. *Custom to extend time:* 103 S. C. 527. *Meritorious defense:* 105 S. C. 421.

July 27, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appeal is from an order of the Circuit Court which allowed the defendant to answer after he was in default. Section 225, Code of Procedure.

The appellant's counsel says in the printed argument, "The exceptions raise but one question of abuse of discretion." That unfortunate terminology means the commission of error which is manifest. It is true the exercise of discretion by a Judge does not mean the same thing as the exercise of his desire in a given case. It is true one Judge might exercise his discretion one way, and another Judge might exercise it another way, on the same state of facts. In the nature of the case, then, there must be latitude in which the judicial discretion may move; and that means a hard and fast rule for the exercise of discretion cannot be stated. The lawmakers did not intend that parties shall be held down to the strict duty to answer within 20 days; they recognized human frailty, and provided a way of escape in the event of an excusable default; so both statutes are operative, that which requires a party to answer in 20 days, and that which provides a way to excuse a failure to do so, under proper circumstances. The affidavit of Mr. Cobb was suf-

ficient to put in motion the judicial discretion, and there is no ground to conclude that the Circuit Court manifestly erred.

The order is right, whether the Court assigned the best reason for it or not; and it is affirmed.