11712

HARTFORD FIRE INS. CO. v. SIGHTLER *ET AL.*

(127 S. E., 13)

1. APPEAL AND ERROR—IN ABSENCE OF ABUSED DISCRETION, REFUSAL TO SET ASIDE JUDGMENT FOR SURPRISE AND EXCUSABLE NEGLECT NOT REVERSIBLE ERROR.—In absence of clear showing of abuse of discretion, refusal of County Court to set aside judgment on ground of surprise and excusable neglect, under Code Civ. Proc., 1922, § 437, is not reversible error.

2. JUDGMENT—DISCRETION NOT ABUSED IN REFUSING TO SET ASIDE JUDGMENT ON GROUND OF SURPRISE AND EXCUSABLE NEGLECT.—Discretion *held* not abused in denying motion to set aside judgment on ground of surprise and excusable neglect, where defendant's counsel had notice that case would be called for trial at particular time and failed to appear only because waiting in own office for defendant to come in response to message sent him.

Before WHALEY, J., County Court, Richland, February, 1924.    Order affirmed.

Action by the Hartford Fire Insurance Co. against J. W. Sightler and others.    Judgment for plaintiff, and named defendant appeals from order denying motion to set aside verdict on ground of surprise and excusable neglect.

*Messrs. Martin & Sturkie,* for appellant, cite: *Abuse of discretion in refusing to open judgment:* 105 S. C., 421; 93 S. C., 496. *Endorser and not co-maker:* Code 1922, Vol. 3, Sec. 3714.

*Messrs. Moorman & Moorman* for respondent.

March 10, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action on a promissory note for $1,000.00.    The complaint alleged that the defendant Sightler and others "made" the note sued on.    The defendant Sightler, by his answer alleged that he was an indorser and not a maker of the note, and set up the defense that "no notice of presentment for payment and dishonor of said note was ever given him."

Upon the issues thus joined the case came on for trial in the County Court of Richland County on February 19, 1924.    The case was called for trial at 11:30 a. m.    Neither the defendant nor his counsel appearing, the Court took a recess until 12:05 p. m.    At that time, neither the defendant nor his counsel having appeared, and the plaintiff being ready, the Court ordered the case to trial.    The plaintiff introduced in evidence the note sued on.    The Court thereupon granted plaintiff's motion for a directed verdict for $1,301.98, upon which verdict judgment against the defendant Sightler was duly entered.

Thereafter, a motion was made by defendant's counsel, under the provisions of Section 437, Code Civ. Proc. 1922,

to vacate the judgment upon the grounds of surprise and excusable neglect. That motion was based upon the verified answer, and affidavits which tended to establish the following facts: That early in the afternoon of February 19, 1924, plaintiff's attorneys notified defendant's counsel that the case would be called for trial on the next day about 11 or 12 o'clock; that upon receipt of this notice defendant's attorneys undertook to get into communication with their client, Sightler; that Sightler lived near Gaston, a railway station about 18 miles from Columbia, and had a telephone in his home; that defendant's counsel made an effort to reach him that afternoon and night, but did not succeed; that the next morning they communicated with the postmaster at Gaston, over the telephone; that the postmaster promised to get a message to Sighlter in time to enable him to reach Columbia in time for the trial; that the postmaster requested one T. D. Barrs to take the message to Sightler and that Barrs agreed to do so; that Barrs was unable to deliver the message "on account of the illness of his wife and child"; that counsel did not appear in Court for the reason that "he hoped his client would come in (his office) at any time so that he could hurry him on to Court to try the case"; and that the defendant Sightler, as shown by his verified answer, had a good defense to the action.

The motion to vacate was denied by the County Judge upon the following grounds:

"After hearing the affidavits submitted by said defendant, and by the plaintiff, and after hearing argument of counsel for the plaintiff and for the defendant; and bearing in mind certain facts known to this Court personally, to wit: That the roster for the term of this Court, on which was listed the above-entitled cause, was published in the newspapers of the City of Columbia at least one week before the day this cause was set for trial, and that counsel for the defendant Sightler did not bring to the attention of this Court the facts set forth in their affidavits prior thereto, or at the time

this cause was called for trial on Tuesday, February 19, 1924, and the counsel for the said defendant Sightler not even appearing in Court at the time said cause was set for trial, and said counsel admitting that he knew the case was so set for trial: it is ordered that said motion to vacate this judgment be, and the same is hereby, refused upon the ground that said defendant Sightler is not, under the circumstances, justified in claiming surprise and excusable neglect in failing to attend this Court in person, or by counsel, upon the day set for the trial of said cause, as aforesaid."

In the absence of a clear showing of an abuse of discretion, it is well settled that the ruling of the County Court complained of cannot be pronounced reversible error of law. We are not satisfied that such abuse of discretion has been shown in this case. In view of the consideration that the prompt appearance of counsel, litigants, and witnesses for the trial of causes is essential to the speedy and orderly administration of justice in our Courts, and that it is the duty of litigants and their counsel to keep themselves advised of the status of their cases, the ruling of the Judge of the County Court, that the facts presented did not make out such a case of surprise or excusable neglect as would warrant the opening of the judgment, cannot be disturbed. In reaching his conclusion, it must be assumed that the Judge gave due consideration to defendant's contention that he had a valid defense to the action—a contention as to which the Judge had the benefit of such light as would be shed thereon by an inspection of the note, which was introduced in evidence.

It is accordingly adjudged that the order appealed from be affirmed.

MESSRS. JUSTICES WATTS and FRASER and MR. ACTNG ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.