13551

O'NEAL v. ATLAS ASSURANCE CO. OF LONDON, ENGLAND

(167 S. E., 227)

*Mr. Joseph L. Nettles,* for appellant,

*Messrs. J. C. Hooks, M. C. Woods* and *M. C. Woods, Jr.,* for respondent,

January 9, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The narrative of the facts which lead to this appeal furnishes evidence of the troubles which arise when counsel fail to put in writing their agreements relating to a cause and its trial.

In the present case, the respondent brought action in the magistrate's Court at Mullins. The defendant, appellant here, was duly served. Counsel for defendant resides in Columbia. He and the plaintiff's counsel, who lives at Mullins, had some arrangement, made by telephone and conversation, by which counsel for the defendant understood that the case would not be called for trial until counsel for the defendant had an opportunity to investigate the matter and go over to Mullins for trial or settlement. The return day was June 7th. Not having heard from counsel for the defendant, plaintiff's counsel thought he was justified in proceeding, and had the case called for trial on June 13th. The defendant was not represented at the trial. The magistrate impaneled a jury, heard the testimony of the plaintiff, and the jury returned a verdict in plaintiff's favor. The judg-

ment was transcripted to the office of the Clerk of Court on September 17th. When counsel for the defendant learned of these matters some months afterward, he caused to be served notice and grounds of appeal. The appeal was heard by Circuit Judge Shipp, who affirmed the magistrate's judgment. From the order of Judge Shipp, the defendant has brought the case to this Court by appeal.

Judge Shipp's reasons for affirming the judgment of the magistrate, stated in our language, were as follows: The plaintiff proved his case, and the jury rendered a verdict in his favor; transcript of the judgment was lodged in the Clerk's office; the appeal was not taken within five days after rendition of the judgment, and no motion for a new trial was made in the magistrate's Court; there was nothing in the record to indicate that the defendant was only guilty of excusable neglect, and the defendant had not availed itself of the remedies provided by law in the magistrate's Court; and it was too late to move in the Circuit Court.

We cannot agree with the holding of Judge Shipp to the effect that the defendant did not proceed in the proper manner to obtain the relief it sought. By Section 795 of the Code, the appellant had "five days after written notice of judgment" had been "given him or his attorney by the magistrate," since the appellant, or its attorney, was not present when the magistrate's judgment was announced. In fact, it does not appear from the record that written notice has yet been given the appellant, or its attorney, by the magistrate. The appeal of the appellant was therefore in plenty of time.

The appellant's relief was by appeal. See *Drummond v. Edwards*, 126 S. C., 435, 120 S. E., 366, especially the concurring opinion of Mr. Justice Cothran.

The Circuit Judge had the right, however, to consider, in determining the appeal, the failure of the appellant to move before the magistrate for a new

trial. The appellant had the right to make that motion within five days after receiving notice that judgment by default had been taken against it. See *O'Rouke v. Atlantic Paint Co.,* 91 S. C., 399, 74 S. E., 930, particularly what Chief Justice Gary said in the last paragraph of his opinion in the case.

The following provision is found in Section 804 of the Code, relating to judgment on appeal to the Circuit Court from inferior Courts: "If the defendant failed to appear before the magistrate, and it is shown by the affidavits served by the appellant, or otherwise, that manifest injustice has been done, and he satisfactorily excuses his default, the Court may, in its discretion, set aside or suspend judgment, and order a new trial, before the same or any other magistrate in the same county, at such time and place, and on such terms as the Court may deem proper."

It is well settled that, while this. Court may review errors of law committed by a Circuit Judge on appeal to him from a Court of magistrate, we cannot review findings of fact when there was any evidence to sustain the Circuit Judge's finding of fact. The Circuit Judge has not found that manifest injustice was done the appellant. Neither has he found that the appellant satisfactorily excused its default. On the contrary, the Circuit Judge did hold that there was "nothing in the record to indicate that the defendant was only guilty of excusable neglect." We are powerless to substitute our view of the circumstances upon which the appellant relied to excuse its default for the view of the Circuit Judge.

The order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.