17904

Davis LEE, Appellant, v. W. I. PEEK, Willa Mae Peek and Rev. E. N. Bates, Respondents

(125 S. E. (2d) 353)

*Davis Lee, pro se.,* of Anderson, *Appellant,*

*H. C. Miller, Esq.,* of Anderson, *for Respondents,*

May 1, 1962.

BUSSEY, Justice.

This action for libel, wherein plaintiff seeks to recover damages in the amount of five million dollars, was commenced in the Court of Common Pleas for Abbeville County against the NAACP, the South Carolina Conference of NAACP Branches, the Anderson Branch of the NAACP, and six individuals who reside in Anderson County, including the three respondents here, process being served on May

25, 1959. The respondents promptly retained the services of H. C. Miller, an attorney at Anderson, who on May 28 filed a motion for change of venue to Anderson County, the notice commencing as follows. "You will take notice, reserving the right to answer or demur:". Before this motion could be heard, the NAACP had the cause removed to Federal Court and on July 2, 1959, attorney for respondents served and filed in the Federal District Court a motion to dismiss.

On October 19, 1959, the case was remanded to the State Court by the Federal District Court. On December 7, 1959, attorney for the respondents served and filed another motion for a change of venue to Anderson County. This motion, as well as motions of other defendants in the case for a change of venue, was heard by Judge Gregory on December 14, 1959, and at the hearing on the motions plaintiff presented Judge Gregory with an Affidavit of Default as to respondents. Judge Gregory took the motions under advisement and in an order dated October 28, 1960, granted a change of venue to Anderson County. Within twenty days after Judge Gregory's order, the attorney for the respondents filed and served a demurrer.

The appellant then served a notice of motion for default judgment against respondents, dated December 27, 1960, returnable before the Hon. J. B. Pruitt, on the 7th day of January 1961. In response to this notice, the respondents filed with the judge an answer and reply to the motion of plaintiff for a default judgment accompanied by an affidavit of counsel. The answer and return set forth the history of the litigation. The affidavit of counsel is to the effect that he acted with due diligence and good faith to protect the rights and interests of his clients; that he believed the demurrer to be meritorious and that the defendants have a valid and meritorious defense.

Counsel's affidavit shows that he was under the erroneous impression that it was not necessary for him to answer or demur in the State Court until the motion for change of venue had been decided, and that he was under the impres-

sion that the rights of his clients were fully protected when he, in the notices of motion for change of venue, reserved their right to answer or otherwise plead. Judge Pruitt heard the matter and in a well considered order denied the motion of the plaintiff for a default judgment and granted the respondents until the 18th day of January 1961 in which to answer or demur to the complaint, as they might be advised. Within the extended time granted by Judge Pruitt, the respondents answered reserving their rights under their demurrer.

Judge Pruitt found as a matter of fact that counsel had misconceived the applicable procedural law and that the failure of the respondents to answer or demur in due time was a "consequence of their attorney's bona fide endeavors according to what he conceived to be the proper practice to serve the interest of his clients." Judge Pruitt further concluded that respondents' counsel's mistaken procedure was, under all of the circumstances, excusable and that it was in the furtherance of justice that the respondents be relieved of any default.

The appeal here is from the order of Judge Pruitt, there being only one exception before this court, which is as follows:

"Appellant takes exception to the order of Judge Pruitt and assigns his actions in giving an additional ten days to answer as an error and an abuse of discretion; that his action violated due process clause of The Federal Constitution in that he deprived appellant of the equal protection of the law by a Judicial Proceedings in which he went contrary to state law, and settled rules of legal Federal and State Procedures, to deny the relief sought which is guaranteed to all citizens by both Federal and State Law."

The entire language of the exception is vague, general and definitely not in compliance with Rule 4, Section 6, Rules of the South Carolina Supreme Court. To say the least, it is doubtful that the exception properly raises any question

to be determined by this court. *Hewitt v. Reserve Life Insurance Company,* 235 S. C. 201, 110 S. E. (2d) 852. However, since respondents in their brief concede that the one exception does raise the question of whether the circuit judge abused his discretion in granting relief to the respondents, we shall consider that question alone, it being clear that no other issue is properly before this court.

In considering this question it must be borne in mind that the motion before the circuit judge was not a motion pursuant to Section 10-1213 of the Code to be relieved from a judgment or order taken against the respondents as a result of mistake, inadvertence, surprise or excusable neglect, but was a motion pursuant to Section 10-609 of the Code, made prior to a judgment of any kind, the language of the applicable statute being as follows:

"The court may, in its discretion and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this Code or by an order enlarge such time."

Prior to the 1952 Code the contents of Code Sections 10-609 and 10-1213 were combined in one section of the Code (Section 495, Code of Laws 1942). In the former Code section what is now Section 10-609 was the first part thereof. Many cases have been before this court arising under the old Code section, as well as under the two sections as now codified. There are certain general principles that have been consistently applied by this court to cases or questions arising under both of these sections as now codified and both parts of the former Code section. With respect to both provisions, this court has consistently held that the discretion expressly vested in the circuit court will not be disturbed except in a case of clear abuse.

However, there is a very definite distinction between an application for relief under Section 10-609 and one under Section 10-1213. By the terms of the statute, a showing of mistake, inadvertence, surprise or excusable neglect is nec-

essary for relief after judgment or order under the terms of Section 10-1213. Section 10-609 provides for relief before judgment or order and does not contain any language requiring such a showing as a prerequisite. In *Roberts et al. v. Drayton et al.*, 121 S. C. 124, 116 S. E. 744, it was held that the privilege extended by Section 10-609 was limited to procedure before judgment, and Mr. Justice Cothran recognized and pointed out the distinction between the first and second parts of the then Code section.

In the case of *White v. Coleman*, 38 S. C. 556, 17 S. E. 21, relief was sought under the portion of the Code section which is now Section 10-609, before judgment, and the circuit judge refused to allow the defendant to answer. This court held that the matter was entirely within the discretion of the circuit judge and that his order was not even appealable. This court said:

" 'Discretion' is defined to be 'a man's own judgment as to what is best in a given case, as opposed to a rule governing all cases of a certain kind.' We are unable to see upon what principle we could proceed in considering that which from in its very nature is in the breast of the circuit judge. The effort to consider such charges might only make a new way of appeal from that which under the law is declared to be unappealable. We suppose it possible that there might be such a gross abuse of discretion as to demand relief, but happily such cases never occur, or certainly very rarely, in the administration of our law."

In the case of *McDaniel v. Addison*, 53 S. C. 222, 31 S. E. 226, this court, with respect to the portion of the then Code section which is now Section 10-609, had the following to say:

"It is manifest, therefore, from the express terms of the statute, that a motion of this character is addressed to the discretion of the circuit court, and not, therefore, ordinarily appealable. For as was said by the late Chief Justice Simpson, in *Truett v. Rains*, 17 S. C. 451, and quoted with approval

in the very recent case of *Michalson v. Rountree* (51 S. C. 405), 29 S. E. 66, at page 67: 'As a general rule, where a court or judge is invested with power to be exercised at discretion, such power is absolute, and, when exercised, it is final. From the very meaning of the term and the nature of the power, discretion is unlimited. It is bounded by no rule except the good sense and integrity of the party empowered to exercise it, and, in the absence of an express right to appeal, it necessarily follows that its exercise is unappealable.' While this is, undoubtedly, the general rule, our cases, some of which have been cited in the argument of counsel, recognize, at least, one exception, and that is where there has been an abuse of discretion. Of course, this court would not assume that any Circuit Judge had been guilty of abuse of discretion confided to him by law; and hence, whenever an appeal has been taken upon this ground, the burden rests upon the appellant to show that there has been abuse of discretion."

The foregoing language is quoted with approval by this court in an opinion by Mr. Justice Moss in the recent case of *Ward v. Miller,* 230 S. C. 288, 95 S. E. (2d) 482.

In the case of *Bishop v. Jacobs,* 108 S. C. 49, 93 S. E. 243, this court, with respect to the statutory provision which is now Section 10-609, had the following to say:

"It is true the exercise of discretion by a judge does not mean the same thing as the exercise of his desire in a given case. It is true one judge might exercise his discretion one way, and another judge might exercise it another way, on the same state of facts. In the nature of the case, then, there must be a latitude in which the judicial discretion may move; and that means a hard and fast rule for the exercise of discretion cannot be stated. The lawmakers did not intend that parties shall be held down to the strict duty to answer within 20 days; they recognized human frailty, and provided a way of escape in the event of an excusable default; so both statutes are operative, that which requires a party to answer

in 20 days, and that which provides a way to excuse a failure to do so under proper circumstances."

In the recent case of *Simon v. Flowers,* 231 S. C. 545, 99 S. E. (2d) 391, speaking through Mr. Justice Legge, this court had the following to say, with respect to the provisions of Section 10-609:

"Discretionary power under this section is vested in the trial, not the appellate court. In an appeal from such an order of the circuit court it is not our function, nor is it within our power, to substitute our judgment for that of the circuit judge simply because we might have reached a different conclusion had we been in his place."

From the foregoing authorities it is clear that the discretion of the circuit judge under Section 10-1213 is definitely limited by the language thereof, while under Section 10-609, the discretion of the circuit judge is almost unlimited. This distinction between these two sections has not been mentioned or discussed in many opinions of this court simply because such distinction had no bearing on the decision of the particular cases.

While the discretion of the circuit judge under Section 10-609 is very broad, it is not totally unlimited, and the lower court has been held to have abused its discretion when its exercise thereof was controlled by an error of law. In *McSween v. Windham,* 77 S. C. 223, 57 S. E. 847, the decision of the lower court, refusing to allow an answer after time, was reversed on the ground that the judge was controlled by an error of law in the exercise of his discretion, (*e.g.* the erroneous construction of a written instrument extending the time for answering).

In *McGhee v. One Chevrolet Sedan, etc.,* 109 S. E. (2d) 713, 235 S. C. 37, the county judge refused to allow the defendant to answer after twenty days, but before judgment. This court reversed, holding that Section 10-609 should be liberally construed in the furtherance of justice and to the end that cases be tried on the merits. The facts therein

showed that there was a clear case of excusable neglect on the part of the defendant and this court held that the county judge had clearly abused his discretion in not permitting the defendant to answer after time.

No case has been cited by the parties or has come to the attention of the writer which is directly in point with the facts of this case. There are, however, two cases, both referred to in the order of the lower court, which are very nearly in point, the principal distinction being that motions for relief in those cases were made after judgment.

In *Johnson v. Finger,* 102 S. C. 354, 86 S. E. 673, defendant's counsel had erroneously thought that the pendency of a motion to make the complaint more definite and certain had extended the time for answering. The circuit judge vacated a default judgment and this court affirmed. In *Savage v. Cannon,* 204 S. C. 473, 30 S. E. (2d) 70, this court affirmed an order of the lower court setting aside a default judgment resulting from the erroneous belief on the part of counsel for the defendant that time for answering had been extended by his demand for an itemized statement of the plaintiff's account. Since there was no abuse of discretion on the part of the lower court in granting relief in those cases, after judgment, where the burden was upon the defendants to show "mistake, inadvertence, surprise or excusable neglect", the mistake on the part of counsel being a misconception as to the proper procedure, certainly, there was no abuse of discretion in this case where relief from the default was for the same, identical reason granted before judgment.

It may be well to point out that appellant was the one who set in motion the chain of events which gave rise to the procedural misconception on the part of respondents' counsel. A review of appellant's complaint shows that it is totally devoid of any allegation which would place the venue of this case properly in Abbeville County. He should not be heard to complain of the misconception of someone else as to the proper procedure herein.

There is nothing in the record before us to indicate that the circuit judge was controlled by any error of law in granting respondents' motion, nor is there any factual finding in his order which is without evidentiary support.

The appellant, in support of his position, cited the following cases: *Odom v. Burch,* 52 S. C. 305, 29 S. E. 726; *Washington v. Hesse,* 56 S. C. 28, 33 S. E. 787; *McMahon v. Pugh,* 62 S. C. 506, 40 S. E. 961; *Gasden v. Home Fertilizer & Chemical Co.,* 89 S. C. 483, 72 S. E. 15, and *O'Neal v. Atlas Assur. Co. of London, England,* 168 S. C. 174, 167 S. E. 227.

Only a casual reading of these cases will show that none of them is in point with the instant case of the facts. Such of the cited cases as are at all applicable hold that this court will not interfere with the holding of the lower court except in a clear case of abuse of discretion. Hence, the cases cited by the appellant actually support the position of respondents.

It is, therefore, the conclusion of this court that the appeal herein is without merit and the order of the lower court should be affirmed.

Affirmed.

TAYLOR, C. J., Moss and LEWIS, JJ., and LEGGE, Acting J., concur in result.

LEWIS, Justice (concurring in result).

I concur in the result of the opinion of Mr. Justice Bussey because the record fails to show an abuse of the discretion vested in the Court under the provision of Section 10-609 of the 1952 Code of Laws, but I arrive at the conclusion on somewhat different grounds. Disagreement with the wide distinction apparently drawn between the basis for granting relief under Section 10-609 and Section 10-1213 necessitates a statement of the reason for my concurrence.

While some of the decisions cited in the opinion of Justice Bussey refer to the discretion of the court as unlimited, it is recognized that this is not entirely

true, for the exercise of discretion under Section 10-609 may be reviewed by this Court upon a showing of a clear abuse thereof. Of course, no hard and fast rule for the exercise of discretion can be stated, but the prior decisions of this Court afford some guide for its exercise in cases, as here, where application is made for relief under the foregoing section because of the neglect of an attorney in handling litigation for his client.

The discretion vested in the lower Court must be exercised within the meaning and scope of Section 10-609 as interpreted by this Court. Under this section, as heretofore applied, relief may be granted where the default is due to the excusable fault of the attorney. *Bishop v. Jacobs,* 108 S. C. 49, 93 S. E. 243. As stated in the *Bishop case*, the foregoing section "provided a way of escape in the event of an excusable default." Every neglect, mistake or inadvertence of counsel is not excusable. The case of *Simon v. Flowers,* 231 S. C. 545, 99 S. E. (2d) 391, 394 involved a motion for relief before judgment from the neglect of the attorney. Relief was denied in that case and the following principle was quoted with approval:

"Although a wide discretion is vested in courts to set aside or vacate judgments because of the neglect, misconduct or inadvertence of counsel employed in the case, the general rule undoubtedly is that the neglect of the attorney is the neglect of the client, and that no mistake, inadvertence or neglect attributable to an attorney can be successfully used as a ground for relief, unless it would have been excusable if attributable to the client. The acts and omissions of the attorney in such case are those of the client."

The granting of relief from default has been held proper where the litigant promptly employed counsel, who took prompt steps to protect the interests of his client and diligently pursued a course which he conceived to be proper practice, but allowed his client to get in default through a mistake as to the proper procedure.

Such is the case here. *McGhee v. One Chevrolet Sedan,* 235 S. C. 37, 109 S. E. (2d) 713; *Savage v. Cannon,* 204 S. C. 473, 30 S. E. (2d) 70; *Johnson v. Finger,* 102 S. C. 354, 86 S. E. 673; *McSween v. Windham,* 77 S. C. 223, 57 S. E. 847.

However, the mistake, inadvertence or neglect of counsel has been held insufficient grounds for relief where default results from inaction of counsel on behalf of the client or failure to exercise due diligence in the protection of the client's interest. *Strickland v. Rabon,* 234 S. C. 218, 107 S. E. (2d) 344; *Simon v. Flowers, supra,* 231 S. C. 545, 99 S. E. (2d) 391; *Poston v. State Highway Department,* 192 S. C. 137, 5 S. E. (2d) 729; *Hartford Fire Insurance Co. v. Sightler,* 131 S. C. 241, 127 S. E. 13; *Claussen v. Johnson,* 32 S. C. 86, 11 S. E. 209.

While it is true that in all of the foregoing decisions and those cited in the opinion of Justice Bussey the Court recognized the broad discretion vested in the trial court under Section 10-609, the principle was also recognized that the area in which the judicial discretion might move under Section 10-609 was limited by the necessity of a finding of *excusable* neglect or fault. In the cited case of *Simon v. Flowers,* it was stated that the same principles govern our review of Circuit Court orders under Section 10-609 as under Section 10-1213, citing *Morgan v. State Farm Mutual Insurance Co.,* 229 S. C. 44, 91 S. E. (2d) 723. See also: *Ward v. Miller, et al.,* 230 S. C. 288, 95 S. E. (2d) 482; *Holliday v. Holliday,* 235 S. C. 246, 111 S. E. (2d) 205. The showing of neglect without a proper excuse is insufficient under both Section 10-609 and 10-1213.

The record shows a meritorious defense to the action.

The order under appeal should be affirmed because the appellant has failed to show wherein the lower Court abused its discretion in holding that excusable fault had been shown.

TAYLOR, C. J., Moss, J., and LEGGE, Acting J., concur.