THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Tommy David Bonner, Appellant
 v.
 Joyce Kay Bonner, Respondent.
 
 
 

Appeal From Anderson County
 Barry W. Knobel, Family Court Judge

Unpublished Opinion No. 2004-UP-092
 Submitted December 23, 2003  Filed 
 February 13, 2004

AFFIRMED

 
 
 
 W. Patrick Yon, of Anderson, for Appellant
 William N. Epps, Jr., of Anderson, for Respondent.
 
 
 

PER CURIAM:  Tommy David Bonner (Husband) appeals 
 from the family courts denial of his motion seeking a new trial or relief from 
 the Final Divorce Decree, pursuant to Rule 59 [1] and Rule 60 [2] , SCRCP.  Husband appeals, asserting that his attorney abandoned 
 the case.  He alleges the family court erred in ruling that the neglect of the 
 attorney is attributable to him.  We disagree and affirm.         
FACTS
Husband filed a divorce action on 
 January 12, 2001 and Wife counterclaimed on February 20, 2001.  Husband released 
 his initial attorney, Mr. Ronnie Treadwell, on October 9, 2001 and retained 
 Mr. Harold Lowery on the same day to represent him.  It appears Husband paid 
 Mr. Lowery $500 and thereafter made subsequent payments.  Mr. Lowery never notified 
 Wifes attorney or the court that he represented Husband.  The final hearing 
 was rescheduled for September 12, 2002 and subsequently continued to November 
 21, 2002.  After an extended illness, which was well known in the Anderson County 
 Bar, Mr. Lowery died on November 3, 2002.  Wifes attorney mailed notification 
 of the final hearing to Husbands last known address.  Husband contends that 
 he never received notification.  
The case was tried before Family Court Judge 
 Barry W. Knobel on November 21, 2002.  Wife was present with her attorney.  
 Husband was not present.  The family issued a final decree and granted Wife 
 relief pursuant to her counterclaim.  Husband filed a Motion for New Trial or 
 Relief from Judgment, pursuant to Rules 59 and 60, SCRCP, respectively.  Judge 
 Knobel denied the motion, finding that Husband failed to establish any excusable 
 neglect or inadvertence that would entitle him to the relief requested in his 
 motion.  This appeal follows.      
STANDARD 
 OF REVIEW
The grant or denial of new trial motions rests within 
 the discretion of the trial judge, and the decision will not be disturbed on 
 appeal unless the findings are wholly unsupported by the evidence or the conclusions 
 reached are controlled by error of law.  Vinson v. Hartley, 324 S.C. 
 389, 405, 477 S.E.2d 715, 723 (Ct. App. 1996).  [M]otions for relief under 
 Rule 60(b) are addressed to the discretion of the court and appellate review 
 is limited to determining whether the trial court abused its discretion.  Saro 
 Invs. v. Ocean Holiday Pship, 314 S.C. 116, 124, 441 S.E.2d 835, 840 (Ct. 
 App. 1994).  
LAW/ANALYSIS
Husband alleges the family court erred in ruling that 
 the neglect of the attorney is attributable to the client, and argues on appeal 
 that Mr. Lowery abandoned the case.  Assuming the issue of abandonment was properly 
 raised in the trial court, we disagree.  
Generally, the mistake inadvertence or neglect of 
 counsel has been held insufficient grounds for relief where default results 
 from inaction of counsel on behalf of the client or failure to exercise due 
 diligence in the protection of the clients interest.  Lee v. Peek, 
 240 S.C. 203, 125 S.E.2d 353, 358 (1962).  However, where there has been a finding 
 of willful and unilateral abandonment, the rule does not apply, and relief may 
 be granted to the party.  Graham v. Town of Loris, 272 S.C. 442, 452, 
 248 S.E.2d 594, 599 (1978).  In Goodson v. American Bankers Ins. Co. of Florida, 
 295 S.C. 400, 403, 368 S.E.2d 687, 689 (Ct. App. 1988), the court held that 
 a party has a duty to monitor the progress of his case.  Lack of familiarity 
 with legal proceedings is unacceptable and the court will not hold a layman 
 to any lesser standard than is applied to an attorney.  
In light of the fact that Husband was the party who 
 had commenced the litigation, there was an obligation on his part to monitor 
 the status of his case.  There is no indication from the record that he took 
 any responsibility or attempted to do so.  Husbands inaction is highlighted 
 by the unchallenged finding of the trial court regarding Mr. Lowerys extended illness.  Certainly, had Husband demonstrated any degree of 
 diligence concerning his case and its status, he would have learned of Mr. Lowerys 
 illness and inability to represent Husband well prior to the scheduled final 
 hearing.  Such readily available knowledge would have prompted a reasonable 
 person to take appropriate steps to ensure representation by counsel.  Moreover, 
 Mr. Lowery died approximately three weeks prior to the final hearing, and during 
 that time period, Husband offers no explanation why he failed to take any action, 
 such as contacting Mr. Lowerys office, to protect his legal interest.  Therefore, 
 based on the totality of the circumstances, the trial court did not abuse its 
 discretion in finding that Husband failed to establish excusable neglect or 
 inadvertence that would entitle him to relief.           
AFFIRMED.
GOOLSBY, HOWARD, and KITTREDGE, J.J., concur.   

 [1]   Rule 59(a), SCRCP, states:  A new trial may be granted to all or 
 any of the parties and on all or part of the issues . . . (2) in an action 
 tried without a jury, for any of the reasons for which rehearings have heretofore 
 been granted in the courts of the State.  On a motion for a new trial in an 
 action tried without a jury, the court may open the judgment if one has been 
 entered, take additional testimony, amend findings of fact and conclusions 
 of law or make new findings and conclusions, and direct the entry of a new 
 judgment.  

 [2]   Rule 60(b), SCRCP, states:  On motion and upon such terms as are 
 just, the court may relieve a party or his legal representative from a final 
 judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, 
 surprise, or excusable neglect . . . .