[Civ. No. 494.  Second Appellate District.—March 12, 1908.]

HENRY G. DENT et al., Petitioners, v. SUPERIOR COURT, etc., COUNTY OF LOS ANGELES et al., Respondents.

PLEADING—CAUSES OF ACTION NOT SEPARATELY STATED—GROUND OF DEMURRER—POWER OF COURT TO ALLOW AMENDMENT—CHANGE OF CODE.—Since the amendment of the Code of Civil Procedure in 1907, the failure of the complaint to state more than one cause of action separately is made a ground of demurrer, thus changing the previous remedy by motion; and where, since that change of practice, after a general demurrer to a complaint has been overruled, and a motion to compel the separate statement of the causes of action has been denied, the court has power, before judgment has been entered in the cause, to allow the demurrer to be amended so as to state that ground of demurrer.

ID.—EFFECT OF AMENDMENT OF DEMURRER AFTER DEMURRER OVER-RULED—REVOCATION OF ORDER—RELIEF FOR MISTAKE OF LAW.—The effect of the amendment of the demurrer after a prior demurrer has been overruled is to revoke the former order overruling the demurrer; and the court has power, under section 473 of the Code of Civil Procedure, to grant such relief for an excusable mistake of law as to the statutory change of the former practice by motion.

ID.—WRIT OF REVIEW UNAUTHORIZED—REMEDY BY APPEAL.—There being no excess of jurisdiction in the allowance of such amendment, and the only remedy for any error of the court being by appeal from the final judgment, the remedy by writ of review is unauthorized, and an application therefor must be denied.

APPLICATION for writ of review to annul an order of the Superior Court of Los Angeles County allowing the filing of an amended demurrer.

The facts are stated in the opinion of the court.

A. K. Hancock, and T. R. Archer, for Petitioners.

No appearance for Respondents.

ALLEN, P. J.—On August 12, 1907, petitioners, as plaintiffs, commenced an action in the superior court of Los Angeles county against certain defendants, who, in due time, filed a demurrer to an amended complaint filed in said action,

which demurrer was general as well as upon the ground of a misjoinder of causes of action. This demurrer was overruled in December, 1907, with leave given defendants to answer. Thereafter, and before answer filed, a motion was interposed by defendants asking for an order requiring petitioners, as plaintiffs in said action, to separately state the several causes of action set out in the amended complaint. Plaintiffs objected to the hearing of this motion, for the reason that the matters contained in the motion were grounds of demurrer and could not be taken advantage of by motion. This objection was sustained by the court, but upon the hearing the court granted defendants leave to file an amended demurrer, which was filed in due time, and which demurrer was identical with the original demurrer, except that it contained the additional ground that the several different causes of action claimed by plaintiffs in their amended complaint were and are not separately stated. This demurrer, upon hearing, was sustained, but no judgment thereon has been rendered.

Petitioners in this application contend that the court was without jurisdiction to grant the defendants leave to file the amended demurrer. We think this position not maintainable. While it is true that, after a judgment has been entered upon an order sustaining a demurrer and a new trial denied, the suit is ended and the court has no jurisdiction to permit amendments, but a different rule obtains where no judgment has been entered upon the order. The decision of the court upon the original demurrer was not a judgment of itself, but an order, as defined in *McGuire* v. *Drew*, 83 Cal. 232, [23 Pac. 312]. Orders made and entered during the progress of proceedings have always been held subject to revocation by the court for good cause during term time, and in our practice, under section 473 of the Code of Civil Procedure, the court may allow any mistake corrected which is in the furtherance of justice. Mistakes of law are mistakes within this section. (*Ward* v. *Clay*, 82 Cal. 502, [23 Pac. 50, 227].) The application for leave to amend the demurrer was made before any issue of fact was tendered. Nothing is shown suggesting an abuse of discretion in granting leave to amend, and when so granted the effect could only be a revocation of the former order overruling the original demurrer.

In our opinion, the court had jurisdiction to allow the filing of the amended pleading, the effect of which was to revoke the former order, and even were there any irregularity or error connected therewith, it would be proper matter for determination upon an appeal after final judgment. Our practice does not permit parties through writs of review, or other proceedings of like character, to correct errors pending the proceedings, even where errors are made to appear. The fact that the additional grounds stated in the amended demurrer have only recently been recognized as grounds of demurrer explains the mistake upon the part of defendants' counsel in seeking relief through a motion, which practice prior to 1907 was the correct practice.

We think the court did not exceed its jurisdiction, and the application for a writ of review is denied.

Shaw, J., and Taggart, J., concurred.