## 9220

### JOHNSON v. FINGER, AS ADMR.

#### (86 S. E. 673.)

PLEADING. TIME WITHIN WHICH TO ANSWER. MOTION TO MAKE MORE DEFINITE AND CERTAIN. PRACTICE. RELIEF IN CASE OF DEFAULT.

1. ANSWER—TIME.—The time for answering is fixed by statute (Code Civ. Proc., secs. 178, 179, 196) and can only be extended by consent, or order obtained under rules of Court (C. C. rule XIX), and is not extended by pendency of motion to make the complaint more definite and certain.

2. PLEADINGS—MOTIONS.—Where an extension of time to plead cannot be obtained during pendency of motion to require complaint made more definite and certain, answer may be made reserving the right to thereafter press such motion.

3. PLEADINGS—MOTIONS.—Motions to make more definite and certain should be noticed and brought to hearing at the earliest time practicable.

4. DEFAULT—RELIEF.—Where a party gets in default by relying upon technical and dilatory practice, or motions without merit, made for purpose of delay, he deserves no consideration from the Court.

5. DEFAULT—RELIEF.—Where a defendant shows *prima facie* a meritorious defense, but is in default in consequence of his attorney's *bona fide* endeavors, according to what he conceived to be proper practice to subserve the interests of his client, and the trial of the case on the merits will not be materially delayed, he may be relieved of the default, and allowed to answer after the time limited.

Before GARY, J., Charleston, November, 1914.  Affirmed.

Action by Georgie Johnson against Watson C. Finger, as administrator of the estate of John W. Alston, deceased, commenced in the Civil and Criminal Court of Charleston county, by service of summons and verified complaint on defendant on the 5th day of November, 1913.  On November 20, 1913, defendant served on plaintiff a notice that at the call of the case, he would move to make the complaint more definite and certain.  On December 16, 1913, no answer or demurrer having been served on plaintiff by the defendant, judgment by default was granted by the Hon. Theo. D. Jervey, acting Judge of the Civil and Criminal Court of Charleston.  The defendant contended in his argument that the service of said notice to make plaintiff's complaint more definite and certain operated as an extension of the time within which to answer, while the plaintiff asserted the contrary.  From an order overruling defendant's contention as to the effect of said notice and granting plaintiff judgment by default, defendant appealed.  This appeal came on to be heard before Judge H. F. Rice, at the April, 1914, term of the Court of Common Pleas of Charleston county.  In his argument on this appeal defendant not only asked the reversal of the order of the inferior Court, but also moved Judge H. F. Rice to open the said default judgment on the ground of mistake and excusable neglect.  In his order, after hearing argument on said appeal, Judge Rice upheld the lower Court in its ruling that the service of a motion to make the complaint more definite and certain does not operate as an extension of the time for answering, but at the same time sent the matter back to the lower Court to give the defendant an opportunity there to move to have the said judgment set aside on the ground of mistake and excusable neglect.  Judge Jervey refused to open the said default judgment on the ground asked for, holding that defendant's mistake was one of law and not of fact.  The defendant

again appealed to the Circuit Court from said order refusing to open the default judgment on the one ground of abuse of discretion.  Thereupon, Judge Gary made the following order:

"This case comes before me on an appeal from an order of the Judge of the Civil and Criminal Court of Charleston refusing to vacate default judgment and refusing to allow defendant to answer.

Under the circumstances of this case it is my opinion that the default judgment ought to be vacated and defendant allowed his day in Court.  The Courts are loath to shut off a meritorious defense and when, as in this case, defendant put in his appearance and showed a *bona fide* desire to fight the case on the merits, I believe he should be allowed his day in Court.  I believe that substantial justice requires it, and I think it was the duty of the lower Court under the power given him in section 225 of the 1912 Code of Civil Procedure to have ordered the default judgment vacated.  It is, therefore, ordered, that the default judgment heretofore entered in this action against the defendant be vacated and . the case remanded to the Civil and Criminal Court, and that the defendant be allowed twenty days from the date of this order in which to plead, answer or renew the motion heretofore noticed in this cause."

From this order the plaintiff appeals.

*Messrs. Logan & Grace* and *John I. Cosgrove,* for appellant, cite: 81 S. C. 130; 65 S. C. 129; 14 S. C. 324; 73 S. C. 207; 51 S. C. 405; 59 S. C. 481; 53 S. C. 580; C. C. Rule XX; 6 Enc. Pl. & Pr. 167; 53 S. C. 230; 17 S. C. 453.

*Messrs. Whaley, Barnwell & Grimball,* for respondent, cite: 93 S. C. 487, 499; 129 Fed. 966; 130 Pac. 911; 121 Pac. 654; 116 S. W. 673.

October 28, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

We approve the decision of the Circuit Court for the reasons therein stated.

We may add that defendant's attorney was in error in supposing that the pendency of a motion to make the complaint more definite and certain would extend the time for answering, until the motion was decided. The time for answering is fixed by statute, and it can be extended only by consent, or by order, obtained in the manner prescribed by the statutes and rules of Court. When such consent or order can not be obtained, the proper practice is to answer, reserving the right to press the motion. *Whaley* v. *Lawton*, 53 S. C. 580, 31 S. E. 660.

The notice should not have fixed the time for hearing the motion on the call of the case. That is the time for trial on the merits; and all motions of a dilatory nature should be noticed and brought to hearing at the earliest time practicable, so that the trial on the merits may not be delayed. That is the reason why rule 20 of the Circuit Court requires such motions to be noticed before demurring, or answering a pleading, and within twenty days after service thereof.

While it is important that the statutes and rules of Court which are designed to promote the speedy and orderly determination of causes should be complied with, it must not be forgotten that their purpose is to aid the administration of justice; and they should not be applied so as to defeat it. · Of course, a party who is wilfully or inexcusably in default, or one who gets himself into that predicament by resorting to technical and dilatory practice or motions without merit and for the purpose of hindering and delaying the opposite party in bringing the cause to a

hearing on the merits, deserves no consideration from the Court.

But, in this case, it was made to appear that defendant's attorney was endeavoring, in good faith, according to what he conceived to be proper practice, to subserve the interest of his client, who, according to the *prima facie* showing made, has a meritorious defense. The trial of the case on its merits would not have been materially delayed, if he had been allowed to file his answer, and, under the circumstances, he should have been allowed to file it.

Judgment affirmed.