[Civ. No. 12363.  Second Dist., Div. One.—June 7, 1941.]

MATT L. RISCO, Appellant, v. WILLIAM K. REUSS et al., Respondents.

Barry Sullivan for Appellant.

Hansen & Sweeney for Respondents.

DORAN, J.—Plaintiff appeals from a judgment dismissing the action herein after a demurrer to plaintiff's second

amended complaint was sustained without leave to amend further.

The material allegations of the complaint in question are as follows:

"That on or about the 31st day of January, 1939, the plaintiff was the owner of a lease on and in possession of, the premises known as 7908 South Vermont Avenue, Los Angeles, California, used and operated as a general garage and that plaintiff had operated said business on said premises for eight years and had builded a good will of business in connection with the general garage; that on or about the 31st day of January, 1939, the defendants willfully and maliciously, intending to injure the plaintiff, cut the lock off from the door of said premises, entered and ousted the plaintiff therefrom and stationed the defendant Roy C. McGinn at the door of said premises with a revolver; that as a direct and proximate result of the willful and malicious acts on the part of the defendants, as hereinbefore alleged the plaintiff was deprived of his right of possession, leasehold interest and business". To this complaint defendants demurred both generally and specially. The general demurrer only need be considered here.

■ The complaint in question, as a statement of a cause of action in trespass, is fatally defective in that it fails to show a lawful possession of the premises by plaintiff at the time of the alleged trespass by defendants. Plaintiff's sole claim to possession of the premises is through a lease, no other right to possession is shown. But plaintiff merely alleges that on or about the date in question he "was the owner of a lease" on the premises. There is nothing to show that the lease was valid and in effect on the approximate date alleged. From all that appears, the lease may have expired some time previous to the approximate date of the alleged trespass. Nor does the allegation that for eight years the plaintiff "had" operated a business on the said premises throw any light on plaintiff's right to possession of the premises on the date alleged. It fails to allege when the eight years started or ended. Moreover, as to the alleged acts claimed to constitute the trespass, there is nothing to show that those acts were in themselves wrongful unless plaintiff were shown to have been rightfully in possession of the premises. From all that appears, defendants may have been

exercising a right of ownership in the premises which was superior to plaintiff's possession. The elements requisite to plaintiff's cause of action are not necessarily implied from the facts alleged. As already pointed out, the facts as stated are subject to more than one interpretation.

While upon a general demurrer a complaint will be liberally construed with a view to substantial justice (21 Cal. Jur. 54), yet such a rule should not be so applied as to allow an unmeritorious cause of action to be veiled by a subterfuge of loose and equivocal statements. Substantial justice requires that the essential facts appear at least by necessary implication from the allegations set forth. Such is not the case with the instant complaint, and the general demurrer thereto was properly sustained.

The judgment of dismissal was entered herein on June 6, 1939. Three days later plaintiff filed a notice of motion for leave to file a third amended complaint. The grounds of the motion were not stated. Plaintiff had made no previous application for leave to amend after the demurrer was sustained and had not even offered a new verified complaint after the ruling on the demurrer. The motion was denied, and properly so. It is well settled that only under the relief afforded by section 473 of the Code of Civil Procedure can an application for leave to amend be made after judgment. (*Reilly* v. *Richardson,* 18 Cal. App. (2d) 352 [63 Pac. (2d) 1180] ; *Keller* v. *Keller,* 132 Cal. App. 343 [22 Pac. (2d) 798] ; *Herz* v. *Hereford,* 88 Cal. App. 290 [263 Pac. 382] ; *Dent* v. *Superior Court,* 7 Cal. App. 683, 684 [95 Pac. 672] ; *Watterson* v. *Owens River Canal Co.,* 190 Cal. 88, 96 [210 Pac. 625].)

The judgment is affirmed.

York, P. J., and White, J., concurred.