[Civ. No. 16614.   Second Dist., Div. One.   Nov. 3, 1948.]

LOUIS R. NICHOLS, Appellant, v. JOHN DREW et al., Respondents.

John G. Connor for Appellant.

Aaron Sapiro for Respondents.

DORAN, J.—This is an appeal from the judgment.

Defendants' objection to the introduction of any evidence was sustained; defendants maintained then and now contend that, "the complaint failed to state a cause of action and that there was no proper technical basis for any relief against the defendants."

The complaint is for damages for trespass. It alleges in substance, as set forth in appellant's brief, that, "on the 12th day of June, 1947, plaintiff and appellant was in possession of certain premises and the equipment and appurtenances thereto comprising a certain restaurant business located at Number 12275 Ventura Boulevard, Los Angeles, California; and that plaintiff not only was in possession but was entitled to the possession of the said property and premises; that upon said 12th day of June, 1947, all of the defendants 'openly, wrongfully and forcibly' came upon said premises, took the same over from appellant, and began immediately to

tear up, remove and demolish the fixtures and equipment, and to oust the appellant. That appellant objected and protested but defendants disregarded him and forcibly proceeded." Actual and punitive damages are sought. According to appellant, the "sole question now before the court on this appeal" is "whether or not the complaint showed that plaintiff and appellant had a right of possession at the time of the alleged trespass."

The judgment recites that the trial court sustained an "objection to the introduction of evidence by plaintiff on the ground that the said plaintiff's complaint did not state facts sufficient to constitute a cause of action against the said defendants." The question on appeal, therefore, is not "whether the appellant had a right of possession at the time of the alleged trespass," but whether the record sustains the court's ruling that the complaint "did not state facts sufficient to constitute a cause of action."

In addition to the allegations above noted, the complaint also alleged that plaintiff "went into possession" of the premises in question "by virtue of a written contract had by plaintiff and the defendants . . . a copy of which said contract is attached hereto, made a part hereof by reference, and incorporated herein as fully as though fully set forth herein again." It is also alleged that plaintiff, on May 23, 1947, "sent to the defendants . . . a notice of rescission on the ground of fraud. . . . That at that time plaintiff offered to return to the said two defendants the said premises and business and all appurtenances thereto, provided that defendants paid to him all moneys he had expended on account of, or in connection with, the purchase price of said business." It is further alleged that on May 3, 1947, "this plaintiff filed suit in this court against said defendant . . . said suit being for rescission of the aforesaid contract and for damages resulting from the aforesaid alleged fraud." The within action was filed June 17, 1947.

In connection with the contention that the complaint fails to state a cause of action, respondent cites *Risco* v. *Reuss,* 45 Cal.App.2d 243 [113 P.2d 914]. Appellant argues that "The whole issue is the 'lawful possession of the premises by plaintiff' which was held not to be shown by the complaint in *Risco* v. *Reuss*"; and continues, "In the instant case appellant's complaint, by setting out the contract and the various happenings thereafter, does show a 'lawful possession of the premises by plaintiff.' "

It appears to be appellant's belief that because the contract was pleaded in the manner above noted, the complaint in effect alleges a "lawful possession of the premises by plaintiff" and hence is sufficient. All the complaint alleges, however, is that plaintiff "has been in possession and entitled to possession" and that "plaintiff went into possession . . . by virtue of a written contract had by plaintiff with the defendants." There is no allegation that plaintiff had performed all or any of the conditions recited in the contract which constituted the basis of plaintiff's right to possession. Indeed there is no allegation at all that plaintiff had fully performed the contract in any respect or at all. The fact that the contract is made a part of the complaint is not enough. There is no rule of pleading that permits the assumption that because a contract has been pleaded it has been performed. This defect in the pleading alone supports the trial court's conclusion that, "said plaintiff's complaint did not state facts sufficient to constitute a cause of action."

For the foregoing reasons, the judgment is affirmed.

York, P. J., and White, J., concurred.