Christos VASSOS, Libelant,

v.

SOCIETA TRANS-OCEANICA CANO-PUS, S.A., Mar-Trade Corporation and THE S.S. CANOPUS, her engines, hull, tackle, cargo and her appurtenances thereof, Respondents.

United States District Court
S. D. New York.

Aug. 10, 1956.

Jacob Rassner, New York City, for libelant.

Frederick H. Cunningham, New York City, for respondents.

BICKS, District Judge.

Libelant, an alien seaman seeks redress for personal injuries allegedly sustained on May 15, 1949 while aboard the S.S. Canopus, a vessel of Panamanian registry, in the capacity of Assistant Steward.

The instant suit, which is in admiralty was instituted on August 11, 1955, against Societa Trans-Oceanica, a Panamanian corporation, owner and operator of the vessel, Mar-Trade Corporation, a New York corporation, the shore-side agent, and S.S. Canopus. The libel is founded on the General Maritime Law and charges unseaworthiness of the vessel as well as negligence on the part of both respondents. Exceptions have been taken to the libel and the application now before the Court brings up the validity thereof.

Prior to the commencement of this suit and on May 7, 1952, libelant brought an action on the law side of the Court

against Mar-Trade to recover damages for the same alleged wrongful invasion of his right of bodily safety. The complaint therein alleged that Mar-Trade owned and operated the S.S. Canopus and that the action was based on the Jones Act, 46 U.S.C.A. § 688. By leave of the Court an amended complaint was filed adding Trans-Oceanica as a party defendant. The amended complaint, bottomed on the General Maritime Law as well as the Jones Act, alleged in substance that (a) Trans-Oceanica owned and operated the S.S. Canopus, (b) Mar-Trade was a shore-side agent, (c) the plaintiff was injured "wholly and solely by reason of the dangerous, defective and unseaworthy condition of the vessel and the negligence of the defendants, their officers, agents, crew, servants, or employees in improperly storing the ship's supplies and otherwise * * *."

On December 28, 1954, Judge Edelstein, on motion, dismissed the cause of action under the Jones Act against Trans-Oceanica on the ground that it was barred by the three-year statute of limitations. Since it appeared from the complaint that Mar-Trade was a shore-side agent and there was an absence of employer-employee relationship between plaintiff and Mar-Trade, the complaint was dismissed as against it on the authority of Cosmopolitan Shipping Co. v. McAllister, 1949, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692. The Court observed that insofar as the cause of action against Trans-Oceanica "may be based on the maritime law of unseaworthiness, the affidavit submitted on behalf of the plaintiff presents no facts which would warrant the exercise of discretion to entertain jurisdiction in this court of an action between aliens. See Taylor v. Atlantic Maritime Co., 2d Cir., 179 F.2d 597, 598."

■■ Some eight months after dismissal of the complaint in the prior action followed this suit. Libelant urges that the theory of liability asserted against Mar-Trade in the instant suit differs from the one in which the complaint was dismissed in that liability here is predicated on its own negligence as agent. Whether that be so or not is unimportant. The statute of limitations is still only three years. Moreover, an injured seaman suffers but one actionable wrong and is entitled to but one recovery whether his injury is due to the unseaworthiness of the vessel, the negligence of the owner as defined by the General Maritime Law, the negligence of the officers, or the crew, as defined by the Jones Act, or by a combination of some or all of such causes. "In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex." Baltimore S.S. Co. v. Phillips, 1927, 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069. The libelant was bound to set forth in his first suit every ground of recovery "which he claimed to exist and upon which he relied, and cannot be permitted, as was attempted here, to rely upon them piecemeal in successive actions to recover for the same wrong and injury." Id., 274 U.S. at page 322, 47 S.Ct. at page 603.

■ As already indicated one of my distinguished colleagues, in the exercise of discretion, declined to entertain jurisdiction of the action against Trans-Oceanica based on unseaworthiness. That order, though appealable, was never brought up for review. While comity persuades but does not command, Mast, Foos & Co. v. Stover Mfg. Co., 1900, 177 U.S. 485, 488, 20 S.Ct. 708, 44 L.Ed. 856, and there is no imperative duty to follow the earlier ruling, Dictograph Products Co. v. Sonotone Corp., 2 Cir., 1956, 230 F.2d 131, 135, a defeated suitor should pursue his remedy by appeal and not shop about in the hope of finding a Judge favorably disposed to his view. Libelant has presented no controlling facts which were not before Judge Edelstein. For the foregoing reasons and in the exercise of its independent discretion, the court declines to accept jurisdiction of the controversy between libelant and Trans-Oceanica.

The exceptions to the libel are sustained.