Christos VASSOS, Libelant-Appellant,

v.

SOCIETA TRANS-OCEANICA CANOPUS, S.A., Mar-Trade Corporation and The S.S. CANOPUS, Respondents-Appellees.

No. 39, Docket 24812.

United States Court of Appeals Second Circuit.

Submitted Nov. 6, 1959.

Decided Nov. 19, 1959.

Jacob Rassner, New York City, for libelant-appellant.

Victor S. Cichanowicz, of Giallorenzi & Cichanowicz, New York City, for respondents-appellees.

Before CLARK, Chief Judge, and HINCKS and WATERMAN, Circuit Judges.

PER CURIAM.

Libelant, an alien seaman, seeks redress for personal injuries allegedly sustained on May 15, 1949, while aboard the S.S. Canopus, a vessel of Panamanian registry. In a reasoned opinion, D.C. S.D.N.Y., 143 F.Supp. 945, Judge Bicks sustained exceptions to the libel because of a previous decision in 1954 by Judge Edelstein in a civil action between the parties as well as in the exercise of independent discretion to decline to accept jurisdiction in this suit between aliens.

Judge Edelstein's dismissal of the civil action was based both upon the statute of limitations and upon a refusal to accept jurisdiction. No appeal was taken from it. Citing N.Y.Civil Practice Act, § 23, appellant tries here to reopen the question of jurisdiction and assert a new theory of liability. But the claim is now completely res judicata on jurisdictional as well as substantive issues. Stoll v. Gottlieb, 305 U.S. 165, 170, 172, 59 S.Ct. 134, 83 L.Ed. 104; Angel

v. Bullington, 330 U.S. 183, 190, 67 S.Ct. 657, 91 L.Ed. 832; Koziol v. The Fylgia, 2 Cir., 230 F.2d 651, certiorari denied 352 U.S. 827, 77 S.Ct. 40, 1 L.Ed.2d 49. And any attempt to reopen a judgment in a civil action is completely controlled by F.R.Civ.P. 60(b), not by state statute.

Judgment affirmed.