**KINNEAR CORPORATION, Plaintiff,**

v.

**CRAWFORD DOOR SALES COMPANY, Defendant.**

**Civ. A. No. 69–1059.**

United States District Court, D. South Carolina, Columbia Division.

Heard Jan. 27, 1970.

Decided Feb. 5, 1970.

R. W. Dibble, Jr., of Edens, Woodward & Butler, Columbia, S. C., for plaintiff.

William H. Smith, Jr., and J. Monroe Fulmer, of Fulmer, Berry & Alford, Columbia, S. C., for defendant.

HEMPHILL, District Judge.

This is a motion under Rule 60(b) to set aside a judgment of default taken by plaintiff, the Kinnear Corporation, against the defendant, Crawford Door Sales Company. In seeking relief, defendant relies upon Rule 60(b).

Prior to the institution of this suit, plaintiff, which installs heavy doors in construction projects, had been a customer of the defendant, a door manufacturer. During the summer of 1969, defendant maintains, some of the doors which it ordered from plaintiff were defective; as a result defendant declined to pay the balance of its account due until adjustments could be made of defendant's loss occasioned by the allegedly defective condition of the doors. Defendant wrote plaintiff a leter dated July 10, 1969, setting forth its position regard-

ing payment of its account. The record does not reflect further communications between the parties, however, that is immaterial. On December 10, 1969, plaintiff filed its complaint and service was effectuated on December 11, 1969. Defendant made no response until December 31, 1969, when its president wrote a letter to plaintiff detailing the defective condition of the doors supplied by plaintiff and the trouble caused by the alleged condition of those doors, and, further, itemizing the expense incurred by defendant as a result of its problems with the doors. Defendant's president computed the amount of defendant's accounts payable to plaintiff and deducted therefrom the total of the expenses borne by defendant as a result of the alleged defects, and enclosed a check for the remainder. On the back of the check was a typewritten provision that acceptance would constitute full payment of any debt owed by defendant to plaintiff. Additionally, in his letter, defendant's president stated that he "considered the matter dissolved without further action." On January 7, 1970, plaintiff took a judgment by default.

■ Although inappropriate, defendant's letter of December 31, 1969, was obviously made in response to plaintiff's summons and complaint. It set forth defendant's position and was mailed to plaintiff's attorney in compliance with the summons. However, legally insufficient, the December 31st letter was an "answer" to the summons and complaint.

■ Plaintiff concedes that a judgment and default can be set aside when taken due to a mistake of fact,[1] but insists that when the mistake is a mistake

of law, provision for relief from "excusable neglect or mistake" is inapplicable and the judgment must be sustained. As authority, plaintiff relies upon several South Carolina cases which hold that that state's counterpart of Rule 60(b) does not apply to a mistake of law. Indeed there is considerable South Carolina authority to that effect. In Lucas v. North Carolina Mutual Life Insurance Company, 184 S.C. 119, 191 S.E. 711 (1937), upon receipt of the summons and complaint, defendant's district manager, in good faith, mailed them back to plaintiff's attorney informing him that the papers would have to be served through the Insurance Commissioner. In refusing to vacate the judgment and default, the court said, "However, when legal process is duly and regularly served upon a defendant and he assumes to know the law thereabout, and in so doing mistakes the law, he must, under the circumstances here, suffer the consequences of such mistaken assumption." See also Pruitte v. Burns, 212 S.C. 325, 47 S.E.2d 785 (1948); Bissonette v. Joseph, 170 S.C. 407, 170 S.E. 467 (1933); Smalls v. Benevolent Society of the Tabernacle Church of Beaufort, 23 S.C. 602; Anderson v. Toledo Scales, 192 S.C. 300, 6 S.E.2d 465 (1939).

■ The rule under discussion is well established and has been followed for many years, but as this court reads the pertinent South Carolina cases, it is not applicable to the facts of the instant case. For guidance this court reviews Johnson v. Finger, 102 S.C. 354, 86 S.E. 673 (1915), where defendant's attorney filed a motion to make more definite and certain upon receipt of the summons and complaint. Laboring under the mis-

---

1. Rule 60(b) (1) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect:"
The S. C. Counterpart of that rule, § 10-1213, Code of Laws of S.C., 1962, provides: "The court may, in its discretion and upon such terms as may be just, at any time within one year after notice thereof relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect * * *."

**6**

apprehension that time for answering was thereby extended, he failed to answer within the required twenty days and judgment by default was taken. Despite the error of the attorney in allowing his client to become default through a mistake as to procedure, the court ruled that the default judgment should be vacated and defendant allowed to answer. Similarly, in Savage v. Cannon, 30 S.E.2d 70 (S.C.1944), plaintiff, a member of the bar, instituted suit against defendant for professional services. Within the twenty days defendant's attorney served plaintiff with a demand for an itemized statement. Defendant's attorney erroneously believed that the demand extended the time to answer and failed to make timely answer. Plaintiff took a judgment by default and the Supreme Court held that although defendant's attorney mistook the procedure the default judgment was properly vacated. In reaching its conclusion, the court cited with approval the following excerpt from Johnson v. Finger, supra:

> While it is important that the statutes and rules of court which are designed to promote the speedy and orderly determination of causes should be complied with, it must not be forgotten that their purpose is to aid the administration of justice; and they should not be applied so as to defeat it. Of course, a party who is willfully or inexcusably in default, or one who gets himself into that predicament by resorting to technical and dilatory practice or motions without merit and for the purpose of hindering and delaying the opposite party in bringing the cause to a hearing on the merits, deserves no consideration from the court.

> But in this case it was made to appear that defendant's attorney was en-

deavoring in good faith, according to what he conceived to be proper practice, to subserve the interest of his client, who, according to the prima facie showing made, has a meritorious defense. The trial of the case on its merits would not have been materially delayed if he had been allowed to file his answer, and, under the circumstances, he should have been allowed to file it.

This court adopts the foregoing as an articulate and sound discussion of the principles which should govern in the determination of these matters.

The Supreme Court in Savage v. Cannon, supra, distinguished circumstances of that case and the case of Johnson v. Finger, supra, from the situation presented in Lucas v. North Carolina Mutual Life Insurance Co., supra, and Anderson v. Toledo Scales, supra. The distinguishing feature, the Court held, was that in *Savage* and *Johnson* defendants proceeded promptly, but were mistaken as to the proper procedure.[2] Likewise in the instant case, defendant attempted to answer, but did so improperly. Thus the instant case falls within the exception to the general rule. Moreover, here the defendant was a layman, unschooled in the ridged technicalities of pleading. Even the neophyte lawyer knows that the rules regarding pleading are ridged and must be strictly complied with. Thus, if the Court would excuse a mistake on the part of an attorney, then it would be reasonable to assume that it would exonerate a layman for a similar mistake.

■ This is a motion made under Rule 60(b). When a motion is made under that rule to vacate a default judgment in federal court, state court decisions do not control the interpretation of that rule and the determination of

---

2. Savage v. Cannon, 30 S.E.2d at page 72: "* * * In both cases the litigants without delay employed counsel, who in good faith took prompt steps to protect the interests of their clients, but were mistaken as to the proper procedure in filing answers."

whether the judgment should be set aside. Vassos v. Societa Trans-Oceanica Canopus, S.A., 272 F.2d 182 (C.A.N.Y. 1959); Hicklin v. Edwards, 226 F.2d 410 (C.A.Mo.1955); Griffith v. Bank of N.Y., 147 F.2d 899, 160 A.L.R. 1340 (C.C.A.N.Y.1945); cert. den. 325 U.S. 874, 65 S.Ct. 1414, 89 L.Ed. 1992; Ledwith v. Storkan, 2 F.R.D. 539 (D.C.Neb. 1942).

The federal courts appear to be governed by principles of justice and equity similar to those of the South Carolina Supreme Court when considering default matters. Thus the court in Patapoff v. Vollstedt's Inc., 267 F.2d 863 (9th Cir. 1959), quoting from Tozer v. Charles A. Krause Milling Co., 3 Cir., 189 F.2d 242, 245, said, "The recent cases applying Rule 60(b) have uniformly held that it must be given a liberal construction. * * * Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments."

■ The general rule that a motion to vacate a judgment taken by default is addressed to the sound discretion of the court is well established. Consolidated Masonry and Fireproofing Inc. v. Wagman Construction Co., 383 F.2d 249 (4th Cir.1967); West v. Gilbert, 361 F.2d 314 (2nd Cir.1966), cert. den. 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143, Swam v. United States, 327 F.2d 431 (7th Cir. 1964), cert. den. 379 U.S. 352, 85 S.Ct. 98, 13 L.Ed.2d 55, Provident Security Life Ins. Co. v. Gorsuch, 323 F.2d 839 (9th Cir.1963), cert. den. 376 U.S. 950, 84 S.Ct. 966, 11 L.Ed.2d 970. Barron & Holtzoff, Section 1217, page 89.

Assuming that defendant's president's actions do constitute a mistake of law, it must be conceded that there is authority to the effect that a mistake of law is not the type of mistake which would empower a court to set aside a default judgment under a provision allowing such judgments to be set aside when entered by "mistake". Nevertheless there is considerable authority to the contrary. It has frequently been held that a default judgment could be vacated when entered through a mistake of law. General Electric Co. v. Hygrade Sylvania Corp., 61 F.Supp. 539, 545 (D.C.N.Y. 1944); Stearns Coal & Lumber Co. v. Vanover, 262 Ky. 808, 91 S.W.2d 518; Dent v. Superior Court of Los Angeles County, 7 Cal.App. 683, 95 P. 672, 673; Appeal of Parker, 15 N.H. 24, 26; Miller v. Lee, 52 Cal.App.2d 10, 125 P.2d 627, 630.

■ This court believes the conclusion reached in the foregoing cases is sound. The rules authorizing courts to vacate default judgments exist to implement the desirable legal objective that cases be decided on their merits. Thus those rules should be liberally construed in order that litigants be given an opportunity to be heard, and given their day in court so that justice may be served. Accordingly, only in cases where a party has evidenced a disregard for the judicial process, or hardship will result, should the courts refuse to vacate a default judgment. General Tel. Corp. v. General Tel. Answering Service, 277 F.2d 919 (5th Cir.1963); Patapoff v. Vollstedt's Inc., supra; Serio v. Badger Mutual Ins. Co., 5 Cir., 266 F.2d 418, cert. den. 361 U.S. 832, 80 S.Ct. 81, 4 L.Ed.2d 73. Indeed, if defendant Crawford Door Sales Company has a meritorious defense to that portion of the judgment over and above the tendered amount, a default judgment would give rise to a forfeiture. Forfeitures are not favored in the law; they are often the means of great oppression and injustice. Knickerbocker Life Ins. Co. v. Norton (1878), 96 U.S. 234, 242, 24 L.Ed. 689.

The case of Woods v. Severson, 9 F.R.D. 84 (D.C.Neb.1948), involved a factual situation somewhat similar to the case at bar. There defendant had been served with a summons and complaint, and, without employing counsel, in response mailed plaintiff's attorney a fac-

tual statement regarding the case. Defendant's response was legally inadequate and judgment was taken by default. Holding that defendant's showing of excusable neglect and mistake were adequate, the district court vacated the default judgment. Although defendant in Woods v. Severson, supra, was a person of slender means seeking to avoid the costs of representation while in the instant case defendant is an active businessman, it should be noted that in *Woods* plaintiff's potential loss was small whereas, here, defendant stands to lose a great deal.[3] Nevertheless the principle of the cases appear to this court to be the same.

Moreover, the court is not limited by Rule 60(b) (1) in its consideration as to whether a default judgment should be vacated. "If we assume that the 'mistake, inadvertence, surprise, or excusable neglect', listed in subdivision (1) of Rule 60(b) does not ordinarily apply where the mistake, inadvertence, etc. relates to a mistake of law, yet subdivision (6) provides that relief can be granted for 'any other reason justifying relief from the operation of the judgment.'" Patapoff v. Vollstedt's Inc., supra.

The Supreme Court of the United States, speaking through Mr. Justice Black said, in Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L. Ed. 266: "In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." See also Patapoff v. Vollstedt's Inc., supra.

In this case it is not contended that plaintiff would be prejudiced by vacation of judgment and trial upon the merits. There has been a prima facia showing of a meritorious defense and to

deny defendant his day in court and right to assert that defense would, in effect, be penalizing him and possibly to a large extent. In conclusion, this court believes that justice and equity demand a trial of the matter upon the merits. Accordingly, the judgment of a default is vacated and defendant's plea to the complaint accepted.

The motion of defendant is granted.

And it is so ordered.