John Paul ANDERSON, Plaintiff,

v.

STANCO SPORTS LIBRARY, INC.,
Defendant.

Civ. A. No. 69–401.

United States District Court,
D. South Carolina,
Columbia Division.

March 23, 1971.

Betty McBride Sloan, Columbia, S. C., for plaintiff.

Robert J. Thomas, Gene V. Pruet, Harvey L. Golden, Columbia, S. C., and Lee Feltman, New York City, for defendant.

## ORDER

HEMPHILL, District Judge.

This matter is before the court on the motion of the plaintiff for the entry of judgment by default pursuant to Rule 55 of the Federal Rules of Civil Procedure and the motion of the defendant for enlargement of time within which it may answer the complaint.

The complaint in this action was filed April 30, 1969, at which time plaintiff was represented by other counsel. The time to answer or otherwise plead was by consent order extended until August 15, 1969. On August 11, 1969 defendant filed a motion to dismiss for want of jurisdiction. In December 1969 plaintiff's counsel in bringing the action were relieved by order of the court on their petition and present counsel for the plaintiff was substituted. Hearing of defendant's motion to dismiss was delayed until September 1970 on alternative motions of plaintiff and defendant. In September that matter came to be heard and the motion denied by the order of Judge Martin dated October 8, 1970. That order contained a certificate of probability and the defendant petitioned the Fourth Circuit Court of Appeals for leave to make interlocutory appeal. That petition was denied by order of the Fourth Circuit Court of Appeals dated November 23, 1970, from which order one circuit judge dissented.

Counsel for the defendant received notice of the action of the Fourth Circuit soon after the date of its order and the 10 days for the filing of an answer provided for by Rule 12(a) (1) Federal Rules of Civil Procedure expired on or about December 5, 1970 and thereafter was in default. On December 28, 1970, defendant's attorney contacted plaintiff's attorney to request an extension of time in which to answer. On January 2, 1971 plaintiff moved for entry of judgment by default. On January 11 defendant filed its answer subject to plaintiff's motion and on January 21 moved for enlargement of time in which to answer pursuant to Rule 6(b) (2) Federal Rules of Civil Procedure.

Rule 6(b) (2) of the Federal Rules of Civil Procedure provides for enlargement of time "after the expiration of the specified period * * * where the failure to act was the result of excusable neglect." The courts have held that the party moving for such relief has the burden of establishing that it has a meritorious defense to the action and that there was such reasonable explanation or excuse for the failure to act within the proscribed time as warrants the relief contemplated by the rule. (*E. g.* Nelson v. Coleman Company, 41 F.R.D. 7 (D.S. C.1966)).

The present action is one for libel against defendant for its publication of two sensational accounts in its magazine *Detective Cases* concerning a murder allegedly committed by the plaintiff and his subsequent trial and conviction therefor. The defendant denies any liability in the matter claiming qualified privileges and relying upon the statute of limitations. The court is of the opinion that there is a satisfactory showing of these defenses. The record reveals that the crime and subsequent trial did attract considerable notoriety; that the plaintiff herein was convicted of the crime, and that a long period of time elapsed from the publication of the first account before commencement of this action.

The court must next consider the question of whether the failure of the defendant to answer within the time provided was the result of excusable neglect. The explanation offered by defendant's counsel for their failure to make timely answer is generally this. Over a long period of negotiations in this matter prior to Judge Martin's order, counsel had conferred amicably about it and several courtesies were granted by each side to the other in obtaining continuances. On several occasions the nature of the allegations and

defenses were discussed and a settlement offer made by defendant's local counsel. He explains that he felt, because of the discussion of the merit of the defenses and the time that had elapsed since the filing of the action, that answer had been made subject to the motion to dismiss. New York counsel for the defendant was of the opinion that arrangement had been made by local counsel for an extension of time. In addition both attorneys for defendant were out of their respective offices for a period of time during the holiday season. It also appears that plaintiff's counsel was not aware that defendant was in default until contacted by defendant's secretary requesting consent to an order extending the time to answer. At that time plaintiff's counsel indicated that she too had thought an answer had been filed subject to the motion to dismiss.

■ Rule 1 of the Federal Rules of Civil Procedure states that "[The rules] shall be construed to secure the just, speedy, and inexpensive determination of every action." In accordance with that the mandate courts generally have given a liberal interpretation to Rule 6(b) in order to work substantial justice.[1] This court believes that Rule 6(b) like Rule 60(b) must be liberally construed in order that litigants be given opportunity to be heard, and given their day in court so that justice may be served. This court has stated that only where a party evidenced a disregard for the judicial process, or hardship would result, would it refuse to vacate a default judgment. Kinnear Corp. v. Crawford Door Sales Co., 49 F.R.D. 3 (D.S. C.1970). If the defendant has a meritorious defense a default judgment gives rise to a forfeiture. Forfeitures are not favored in the law and are often means of oppression and injustice. Knickerbocker Life Ins. Co. v. Norton, 96 U.S. 234, 24 L.Ed. 689 (1878).

Here, judgment by default has not been entered. It is not contended that plaintiff would be prejudiced by the answer of the defendant and trial upon the merits. On the other hand, to enter default would deprive defendant of its day in court and preclude just determination of the question of liability.

■ The court does not condone the inattention of defendant's counsel in this matter. It can appreciate the position taken by plaintiff's counsel. The court, however, can easily understand the omission of defendant's counsel in the circumstances presented. It cannot regard that omission as evidence of disregard of the process of this court or indeed as anything more than excusable neglect. Therefore, in the interest of justice, the motion of the plaintiff for entry of default judgment must be denied, and that of the defendant for extension of time to file its answer granted.

And it is so ordered.

---

[1]. Moore's Federal Practice, Second Edition, Section 6.08:

Rule 6(b) provides that 'Where the failure to act was the result of excusable neglect' the court may make an order permitting the act to be done. The burden falls on the moving party to make a showing that the failure was 'the result of excusable neglect." The court may in its discretion grant or deny the motion. In accordance with the mandate of Rule 1, that the rules should be construed 'to secure the just, speedy and inexpensive determination of every action' the courts generally have given Rule 6(b) a liberal interpretation in order to work substantial justice.