MIRANDA HERMANOS CO., S en C, Plaintiff

v.

MAHMUD ASAD d/b/a ASAD'S RETAIL AND WHOLESALE, Defendant

Civil No. 672C/1976

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

March 30, 1977

273

EDDY RIVERA, Christiansted, St. Croix, V.I., *for plaintiff*

ALBERT A. SHEEN (HODGE & SHEEN), Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on a motion for a new trial and for relief from judgment filed by defendant through his counsel, Albert A. Sheen, Esq. Plaintiff has appeared and filed pleadings in opposition to the motion. The application is made pursuant to the provisions of Rule 60(b) F.R.C.P. and although alleged to be a clause (6) application, appears to be, more realistically, a clause (1) or clause (2) application.

A review of the factual circumstances which underlie this application will be helpful in understanding why the Court has elected to exercise its discretion, vacate the judgment, and order a new trial, subject, however, to certain conditions.

The case sub judice commenced with the filing of a complaint by plaintiff on November 19, 1976. There followed personal service of process upon the defendant on November 30, 1976. Thirteen days later, a period clearly sufficient for the defendant to have thought out the consequences of the action, or if in doubt as to the possible consequences, to have conferred with counsel, defendant knowingly and voluntarily rejected the retention of counsel and filed an appearance and answer pro se. Such an action can only be deemed to be a knowing, voluntary and calculated act of the defendant. It is interesting to note that the motion filed is unsupported by an affidavit which sets forth any facts which would assist in the determination of

the problem, but the defendant's supporting memorandum of law baldly asserts that defendant elected to proceed without counsel, "because he was satisfied that by the date of trial he would have identified cancelled checks demonstrating satisfaction of the indebtedness which is the subject of this case." Subsequently, on January 25, 1977, this Court wrote a letter to plaintiff's attorney and to defendant in which the parties were specifically asked if discovery had been completed. No response was received from defendant, who, by this date, had had 56 days to ponder the need for counsel and the availability of critical evidence.

The scenario apparently remained the same for on February 17, 1977, plaintiff's counsel noticed the case sub judice for trial on March 10, 1977. The total lapse of time from the date of service of process to the actual trial date was a period of 130 days, or approximately 4-1/4 months. But now to the trial events.

On March 10, 1977, upon the call of the calendar, each party in response to the Court's query answered, "ready for trial" or words to that effect, and the case was marked ready and held for trial to commence upon the completion of four cases which preceded the case at bar on the calendar. Approximately 1-1/2 hours later, when the case was again called for the commencement of trial, both parties responded "ready" and the trial was commenced. At no time, in any way, did defendant evidence, by word or deed, a desire to retain counsel until after plaintiff's only witness had testified.

It was at this point, for the first time, that defendant verbally requested that the case be continued to allow him to obtain counsel. Parenthetically, the Court notes that this request was made after it became known, through the testimony of plaintiff's witness, Fernando Miranda, that

he, Miranda, resided in Puerto Rico and that his place of employment was likewise in that jurisdiction.[1]

Because of the fact that the request for counsel came so late in the proceedings, would have necessitated the continuance of the case which would then have had to be completed on a "piece-meal" basis, would have imposed the hardship of travel from Puerto Rico to St. Croix again by plaintiff's witness, with the expenses attendant thereto, or would have required the declaration of a mistrial, and the utter lack of explanation for the defendant's failure to seek counsel at an appropriate point in time, this Court exercised its discretion and proceeded with the trial of the cause.

In fairness, it must be stated that on several occasions after the Court first denied the request for continuance by defendant, he repeated his request for continuance, "so I can get a lawyer." These requests were also denied.

The case proceeded to conclusion, both parties having offered testimony and documentary evidence (plaintiff through its witness, Fernando Miranda; and defendant through himself), and the Court, after making findings of fact and entering same on the record, orally, from the bench, entered judgment in favor of plaintiff and against defendant. This motion followed.

■ At the outset, let us lay to rest the appropriate basis for action by this Court. In appropriate cases, the Court may grant a new trial pursuant to the provisions of Rule 59(a)(2) F.R.C.P., and may also grant relief from a judgment or Order pursuant to the provisions of Rule 60(b) F.R.C.P. In substance, the grounds established within the framework of Rule 60(b) F.R.C.P. are included within the purview of Rule 59. (See Wright & Miller, Federal Practice and Procedure: Civil §§ 2803, 2804 and 2805.)

---

[1] It later developed that defendant was aware of this witness' place of residence and employment long before the date of trial.

■ On the surface, and based on the arguments advanced by defendant in his memorandum of law in support of motion for a new trial and for relief from judgment, it would appear that the only appropriate grounds for relief would be found in Rule 60(b)(1) or 60(b)(2) F.R.C.P. Clause (1) provides for the grant of relief if there is found to be present "mistake, inadvertence, surprise, or excusable neglect." Although the provisions of Rule 60(b) should be liberally construed (Wright & Miller, Federal Practice and Procedure: Civil § 2852), these terms, as used in the rule, however, do not encompass the concept of ignorance or carelessness on the part of the litigant or his attorney. Bershad v. McDonough (CA 7th, 1972), 469 F.2d 1333. On the other hand, it has been held that defendants (and the Court deems those appearing pro se to fall into this category), who file erroneous pleadings and who later show that there was a meritorious defense and that the successful party will suffer no prejudice as a result of the grant of relief, should be granted the benefits of Rule 60(b). Kinnear Corp. v. Crawford Door Sales Co. (D.C. S.C. 1970), 49 F.R.D. 3.

No showing of a meritorious defense was made in the subject case nor, in fact, was any showing of a lack of prejudice to plaintiff made since no affidavits have been submitted. More significantly, the only mistake, inadvertence or excusable neglect which defendant can assert in the case sub judice is his knowing, voluntary and calculated determination to proceed pro se until it appeared, in the midst of trial, that he might not prevail.

■ Turning, then, to clause (2), we find that it contemplates the grant of relief where there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) F.R.C.P." (This is an example of the overlapping grounds covered in Rules 59 and 60 F.R.C.P.) The crucial

standard to be applied in this regard is whether the evidence claimed to be newly discovered was in existence at the time of trial and in the possession of the party or, by the exercise of due diligence could have been in his possession. Giordano v. McCartney (CA3d, 1967), 385 F.2d 154. In this context, it can readily be seen that this Court, in the exercise of its discretion, reasonably could deny the motion in both respects, without fear of abuse thereof. However, because of the fact that this Court considers the right to effective assistance of counsel, in civil matters as well as in criminal matters, to be a keystone of the judicial system and its adversary approach and, therefore, a fundamental element of justice and fairness, it will take the giant step of moving into the confines of Clause (6) of Rule 60 F.R.C.P., and consider whether there exists "any other reason justifying relief from the operation of the judgment."

■ An application made to the Court under this clause is always addressed to the sound discretion of the Court. If relief is to be granted, it is usually granted because of the improper conduct of the successful party or the excusable default of the unsuccessful party. These factors are then weighed against the prejudice to be suffered by the party against whom the relief is granted and whether substantial justice will result. Another consideration is whether, should this Court grant the requested relief, the status quo will be maintained without the imposition of appropriate conditions, for the imposition of conditions to maintain the status quo is another of the prerogatives of this Court, under Rule 60 F.R.C.P. Wright & Miller, Federal Practice and Procedure: Civil § 2864.

■ It should be recognized that there is a duty upon a litigant to take appropriate legal steps to protect his own interests and it is this Court's position that amongst such legal steps for the protection of his own interests is the retention of counsel. At this point, it is clear that the

Court's initial reaction is to deny the relief requested as a Clause (6) case, notwithstanding the fact that the provisions of Rule 60 should be liberally construed in relation to default cases. Wright & Miller, Federal Practice and Procedure: Civil § 2852.

While this is not a default case but a pro se appearance, it is this Court's opinion that the substance is comparable. When one couples this determination with the teaching of the Third Circuit that default cases are not looked upon with favor by the Courts, and with the fact that the practical result of a pro se appearance in a case such as this is effectually a default proceeding, one recognizes the need for liberal construction and lenient treatment.

Turning, then, to the question of maintaining the status quo, it is this Court's conclusion that unless conditions are imposed which will protect the rights of the plaintiff who prevailed upon the entry of judgment, the status quo will not be maintained pending a retrial of this matter. On the contrary, under such circumstances, the defendant will be placed in a position in which he could dissipate his assets, conceal his assets, and otherwise render the plaintiff's task of enforcement of a judgment, if the same should ultimately be reinstated, not only formidable but perhaps impossible.

What, then, should be done to eliminate this risk. The imposition of a condition which will insure the availability of funds adequate to satisfy a judgment which may be entered is a reasonable condition and one which will impose no burden upon the defendant who, at this moment, by the entry of the judgment of this Court on March 23, 1977, is already subject to execution.

 It is the sincere inclination of this Court to deny the requested relief for the reasons expressed in the foregoing memorandum opinion, but in deference to this Court's overwhelming desire to do justice and to protect the rights

279

of all who come before it, whether rich or poor, educated or uneducated, and regardless of social or economic status, it will, pursuant to the provisions of Rule 60(b)(6) F.R.C.P., grant defendant's motion for relief from the judgment heretofore entered by this Court on March 23, 1977, subject to the conditions in the Order stated for further proceedings consistent with this opinion.

### ORDER

On the basis of the foregoing, it is

■ ORDERED, ADJUDGED AND DECREED that the judgment heretofore entered in the above entitled cause on March 23, 1977, be and the same is hereby vacated, provided, however, that such vacation of judgment shall not be nor become effective unless and until defendant shall deposit with the Clerk of this Court a bond to secure the payment of any judgment, together with costs and attorneys' fees, which may be entered against him herein, in the sum of $4,500.00, but not in excess thereof; and it is further

ORDERED, ADJUDGED AND DECREED that if said bond shall not be deposited with the Clerk of the Court, the form thereof having first been approved by a judge of the Court, within 30 days after the date hereof, the grant of a new trial and vacation of judgment shall be voided and for nothing holden, the judgment heretofore entered on March 23, 1977, in such case, thereafter to remain in full force and effect.