**SEELYE CRAFTSMAN CO., a Minnesota corporation, Plaintiff,**

v.

**Robert D. OHLHAUSER, an individual, Defendant.**

**Civ.No. 4–80–602.**

United States District Court,
D. Minnesota,
Fourth Division.

April 17, 1981.

John A. Grimstad, Fredrickson, Byron, Colborn, Bisbee & Hansen, Minneapolis, Minn., for plaintiff.

Timothy D. Moratzka, Moratzka, Dillon & Kunkel, Hastings, Minn., for defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

This is a breach of contract action based on diversity jurisdiction. A default judgment was obtained herein by plaintiff Seelye Craftsman Co. (Seelye), and defendant Robert D. Ohlhauser (Ohlhauser) has now moved under Rule 60(b) of the Federal Rules of Civil Procedure to set aside the entry of default and default judgment.

### I. *Background*

This dispute arose in connection with an agreement between Seelye and Ohlhauser International Limited, a North Dakota corporation of which Ohlhauser is a registered agent; Seelye was to sell the corporation "airhandlers" for use with a solar heating device. Seelye originally brought an action against the corporation, alleging it wrongfully repudiated the agreement. Upon the corporation's declaration of bankruptcy and stay of the action, Seelye brought this action against Ohlhauser personally, alleging wrongful repudiation, use of the corporation as a mere instrumentality, and causing it to be undercapitalized.

The summons and complaint in this action were served on Ohlhauser on December 15, 1980, according to the Marshal's return of service. No answer having been filed by January 13, 1981, Seelye's attorney filed an affidavit of default, and the clerk of court entered a default judgment against Ohlhauser. A writ of execution was served on Ohlhauser on February 19, 1981, in Bismarck, North Dakota.

On February 20, 1981, Ohlhauser filed a motion in federal court in North Dakota for a stay of proceedings to enforce the judgment. According to the record, the court indicated that it would grant such a motion only if Ohlhauser posted a satisfactory bond, paid attorney's fees, and moved this court to reopen the judgment within 20 days. The order of the Honorable Bruce M. Van Sickle, United States District Judge, dated February 25, 1981, indicates that defendant withdrew his motion at the time of hearing, and the proceeding was dismissed.

On March 31, 1981, Ohlhauser filed his motion in this court to set aside the entry of default and default judgment, together with an answer. He states by affidavit that he requested his former attorney, William R. Mills, to file an answer, but that Mills failed to do so within the necessary time period, that his present attorney has "proceeded with due dispatch to investigate and prepare the necessary pleadings;" and that he is advised and believes he has a defense to the charges in the complaint. The affidavit does not state when Ohlhauser asked Mills to file an answer, the reason why that attorney did not file one, nor when his present counsel was retained.

In connection with the North Dakota proceeding, Ohlhauser filed the affidavit of Max D. Rosenburg. In this affidavit, which Seelye has filed here, Rosenburg stated that he was defendant's attorney, that Ohlhauser brought the complaint to him in time to allow an answer to be filed in a timely manner, and that he did not file an answer herein because he confused it with the action against the corporation, he had moved

his office, and he had to have surgery near the time in question.

The record indicates that Seelye has expended money, time, and effort seeking to enforce the default judgment. It has incurred legal fees and costs in obtaining the default judgment, garnishing Ohlhauser's bank accounts, locating and levying upon his assets,[1] and opposing the withdrawn North Dakota motion.

The affidavit of Seelye's counsel and exhibits attached thereto indicate that if the default judgment were set aside, Seelye might lose priority to other creditors of Ohlhauser and that Ohlhauser is in the process of being divorced, which could result in transfer of some of his assets.

## II. *Discussion*

█ The threshold issue for the court is the question of what interpretation of Rule 60(b)(1) should be considered in deciding Ohlhauser's motion. He discusses only the standard set by the Minnesota Supreme Court for reopening judgments under Minnesota rule 60(b)(1), which is identical to the federal rule, citing *Hinz v. Northland Milk and Ice Cream Co.*, 237 Minn. 28, 53 N.W.2d 454 (1952), and subsequent cases. However, it is appropriate here to consider federal decisions in ruling upon the instant motion.[2] *See Vassos v. Societa Trans-Oceanica Conopus*, 272 F.2d 182, 183 (2d Cir. 1955); *Hicklin v. Edwards*, 226 F.2d 410, 412–413 (8th Cir. 1955); *Kinnear v. Crawford Door Sales Co.*, 49 F.R.D. 3, 6–7 (D.S.Car.1970); 6A *Moore's Federal Practice*, ¶ 60.04[2] (1980). *See also Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); J. Ely, *The Irrepressible Myth of Erie*, 87 Harv.L.Rev. 693 (1972).

Rule 55 provides that "(f)or good cause shown" a default judgment may be set aside under Rule 60(b). Rule 60(b)(1) allows the court to "relieve a party or his legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."

█ Rule 60(b) provides for extraordinary relief which may only be granted "upon an adequate showing of exceptional circumstances." *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir. 1969). It is well settled in this circuit that "ignorance or carelessness of an attorney is generally not cognizable under Rule 60(b)." *Cline v. Hoogland*, 518 F.2d 776, 778 (8th Cir. 1975), *citing United States v. Thompson*, 438 F.2d 254, 256 (8th Cir. 1971), and *Hoffman v. Celebrezze*, 405 F.2d at 835.

█ Ohlhauser has not made the required showing of exceptional circumstances. He has not indicated when he requested attorney Mills to file an answer nor why he failed to do so. Moreover, the record indicates that Ohlhauser was represented by at least two law firms during the period after service of the complaint. Rosenburg's affidavit states that he confused this action with another, was moving, and had to have some surgery. However, mere neglect and carelessness of an attorney does not constitute an "exceptional circumstance". *See e. g., Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576–577 (4th Cir. 1973). And even if Rosenburg were incapacitated by surgery, in the absence of a showing that other counsel could not have acted for him, such incapacity is not grounds for relief under Rule 60(b). *See Flett v. Alexander & Co.*, 302 F.2d 321–323 (8th Cir. 1962). Ohlhauser moved in North Dakota for relief on February 20, 1981, but did not move in this court until March 31, 1981. He has not explained that delay nor indicated when this matter was turned over to his present counsel. In sum, Ohlhauser has not provided the court with facts sufficient to show that he should be permitted to reopen the judgment.

---

1. The affidavit of Robert S. Chesire, Deputy United States Marshal for the State of North Dakota, states that Ohlhauser "did not make a full and complete disclosure of the existence of all assets" in what "appeared to constitute an intentional effort to circumvent all attempts to execute on a final judgment."

2. It is therefore unnecessary to discuss which state law should be considered. Seelye argues that North Dakota law is the substantive law to be applied and that North Dakota procedural law should control if state law is used.

## ORDER

Accordingly, based upon all files, records, and proceedings herein,

IT IS HEREBY ORDERED that defendant's motion to set aside the entry of default and default judgment is denied.