765 F.2d 145
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LYNN JOHNSTON, PLAINTIFF-APPELLANT,
v.
JAMES DOWLING, RON EDGERTON, RODENY L. KATKA, JAMES W.
CALDWELL, AND CHARLES A. PARKS, DEFENDANTS-APPELLEES.
 NO. 83-1392, 84-1129
 United States Court of Appeals, Sixth Circuit.
 5/9/85
 
 ORDER
 BEFORE: ENGEL, Circuit Judge; and PHILLIPS and PECK, Senior Circuit Judges.
 
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The appellant is appealing a summary judgment dismissing her civil rights action, case number 84-1129, and she appeals from the denial of her motion for a preliminary injunction, case number 83-1392. The action is based on the appellant's allegations that constitutional deprivations and tortious injuries have been imposed upon her due to a history of harassment and intimidation against her by the appellees. The district court applied the doctrine of absolute immunity concerning common law tort claims, and further found that the appellees' uncontroverted affidavits, establishing qualified immunity as to the constitutional claims, required entry of summary judgment.
 
 
 3
 The appellant's main claim on appeal is that it was unconstitutional to grant the appellees immunity and that it was improper to enter summary judgment on her constitutional claims because she had not filed affidavits in opposition to the summary judgment motion. Where the alleged wrongs in an action are based in common law tort, a federal official's discretionary conduct within the scope of his official duties is protected by absolute immunity; where the alleged wrong concerns constitutional deprivations, the official is due qualified good faith immunity. Granger v. Marek, 583 F.2d 781 (6th Cir. 1978); Queen v. Tennessee Valley Authority, 689 F.2d 80 (6th Cir. 1982). The filed affidavits supporting the motion for summary judgment established that the actions against the appellant were performed by the appellees within their official capacity in good faith during civil and criminal investigations. Consequently, the district court did not err in applying the above immunity standards. Furthermore, it is clear that once a party makes a motion for summary judgment, the responding party can not rest on the allegations in the pleadings but must respond by submitting other evidence or affidavits which show that there is a genuine issue of fact. Granger v. Marek, supra. The appellant did not submit affidavits or offer other evidence to oppose the summary judgment motion. Consequently, the district court was correct in entering the summary judgment.
 
 
 4
 The appellant next contends the district judge should have disqualified himself from hearing the case pursuant to 28 U.S.C. Sec. 144. The bias or prejudice which will disqualify a judge must be personal bias as distinguished from a judicial one. Oliver v. Michigan State Bd. of Ed., 508 F.2d 178 (6th Cir. 1974). An affidavit in support of the motion for disqualification must set forth the facts and reasons supporting the belief that the judge is biased. Davis v. Fendler, 650 F.2d 1154 (9th Cir. 1981). The appellant's contention in this respect is without merit because she is merely challenging the district court's past judicial rulings, and she does not allege facts sufficient to show personal bias.
 
 
 5
 The appellant's third claim on appeal concerns whether or not the district court abused its discretion in granting the appellees an enlargement of time to answer the complaint. A motion for extension of time is within the discretion of the district court and is usually viewed liberally so as to work substantial justice. Anderson v. Stanco Sports Library, Inc., 52 F.R.D. 108 (D. S.C. 1971). Given the number of defendants involved, it is reasonable to assume that an extension of time would be needed to allow the appellees time to coordinate an answer in this case. Additionally, the appellant had not shown prejudice caused by the extension of time. Consequently, this allegation of error is without merit.
 
 
 6
 Finally, the appellant argues that it was improper to dismiss the claim against defendants Edgerton and Caldwell on the basis of insufficient process. Also, she contends it was error to strike valid allegations from her complaint and require her to file an amended complaint. The argument concerning insufficiency of process is irrelevant in light of the appellant's inability to otherwise state a cause of action against any of the defendants. Furthermore, Rule 56(d), Federal Rules of Civil Procedure, authorizes entry of partial summary judgment and permits the court to direct further proceedings in an action as are just. The district court properly dismissed the appellant's claims because she did not present evidence in opposition to the motion for summary judgment. Granger v. Marek, supra. Permitting amendment of the complaint with respect to the appellant's remaining first amendment claims was permissible under Rule 56(d).
 
 
 7
 Accordingly, it is ORDERED that the district court, in case no. 84-1129 be affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit. Further, since the appellant's position on appeal is without merit the denial of the preliminary injunction, case no. 83-1392, is affirmed.